No. 107.—WILLIAM H. DEUPREE, plaintiff in error, *vs.* JOHN EISENACH, defendant.

[1.] Where an attachment was sued out by the attorney of the creditor, who stated in his affidavit, that he was "*informed and believed*" that the debtor resides out of this State: *Held*, that the affidavit was not sufficient, and that the affidavit ought to have stated, in the words of the Statute of 1799, "*that his debtor resides out of this State.*"

Attachment, in Oglethorpe Superior Court. Decision by Judge BAXTER, April Term, 1851.

The attachment in this case was sued out by Edward C. Shackelford, as the attorney of William H. Deupree. The affidavit stated, that deponent "was informed and believed that defendant resided out of the State, so that the ordinary process of law could not be served upon him."

On motion, the Court dismissed the attachment, on the ground that the affidavit was insufficient, because the deponent did not swear, positively, as to the non-residence of defendant.

This decision is assigned as error.

THOMAS R. R. COBB, for plaintiff in error.

JOSEPH H. LUMPKIN, Jr. for defendant in error.

Judge LUMPKIN did not preside during the argument and decision of this case.

*By the Court.*—WARNER J. delivering the opinion.

[1.] By the 2d section of the Act of 1799, an attachment is authorized to issue upon complaint made on oath by the creditor, that his debtor *resides out of this State.* Here the party suing out the attachment states, in his affidavit, that he is "*informed and believes*" that his debtor resides out of the State. The Act of 29th December, 1836, relates to the *indebtedness* of the de-

fendant, and not to his *residence.* In *Levy vs. Milman et al.* (7 *Ga. R.* 170,) we held, that inasmuch as the process of attachment was a summary remedy given by Statute to the creditor, that it must be construed *strictly.* The argument is, that the Court ought to relax the rule, because agents and attorneys cannot swear *positively* as to the residence of the debtor, but only as to their *information and belief.* The Legislature have thought proper to relax the rule in regard to the *indebtedness,* but have not done so as it regards the *residence* of the debtor; and until the Legislature shall interfere, we feel constrained to adhere to the words of the Statute.

Let the judgment of the Court below be affirmed.