Stowers vs. Carter.

## STOWERS *vs.* CARTER.

An agent or attorney-at-law seeking to take out an attachment must swear *positively* to the *ground* of attachment. As to the amount of indebtedness, he may depose to the best of his knowledge and belief.

Attachment, in Hart Superior Court. Decision by Judge Thomas, at January adjourned Term, 1859.

Francis G. Stowers sued out an attachment against James M. Carter, returnable to Hart Superior Court. At the trial term, defendant moved to dismiss the attachment, because in the affidavit, which was made by the attorney of plaintiff, the ground of attachment was sworn to " according to the best of the knowledge and belief" of the deponent.

The following is a copy of the affidavit :

Stowers vs. Carter.

State of Georgia, } Francis G. Stowers, by his attor-
County of Hart. } ney, Henry Cleveland, comes before
me and says, on oath, that James M. Carter, of said county,
is indebted to him the sum of twenty-eight hundred dol-
lars, and that James M. Carter is causing his property to
be removed without the limits of this State, according to
the best of my knowledge and belief.

H. CLEVELAND, for
F. G. STOWERS.

Sworn to and subscribed before }
  me, October 6th, 1857. }
    J. V. RICHARDSON, J. I. C. }
Interlined before signing. }

The court sustained the motion and dismissed the at-
tachment, which decision is assigned as error.

HESTER & AKERMAN, for plaintiff in error.

DELONY, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Was the affidavit in this case sufficient to sustain the
attachment?

The act of 1856 (Pamphlet, p. 25,) provides that pro-
cess of attachment may issue when the debtor is causing
his property to be removed beyond the limits of the State,
if the party seeking the attachment, his agent or attor-
ney-at-law shall make oath before a proper officer that the
debtor has placed himself in the above position; and also
swear to the amount of the debt claimed to be due. The
statute further declares, that when the affidavit is made by
the attorney-at-law or agent of the party, *he* may swear
that the amount claimed to be due is due according to the
best of his knowledge and belief.

Several conclusions are to be drawn from the terms of
this law. First, that prior to its passage a positive oath
was required of the *party*, both as to the amount of in-

debtedness and the ground of attachment; secondly, that the relaxation is made only in behalf of agents and attorneys who depose; and thirdly, that the relaxation extends only to the indebtedness and not to the ground of attachment. This being so, and we see no way to escape these conclusions, it follows, of course, that the court was right in dismisssing the attachment.

Judgment affirmed.