Kennon & Klink *vs.* Evans, Gardner & Co.

---

KENNON & KLINK, plaintiffs in error, *vs.* EVANS, GARDNER & Co., defendants in error.

1. The allegation in an affidavit, "that the said Kennon & Klink are removing their property to be removed beyond the limits of this State, and that said John F. Klink is absconding," is a substantial compliance with our attachment laws, which are now to be *liberally* construed.

2. That the affidavit contains two grounds on which the attachment issues, instead of one, is not a good objection to the attachment.

Motion to dismiss Attachment. Decided by Judge CLARKE. Clay Superior Court, February Term, 1867.

The affidavit upon which this attachment was issued was in this language : "Personally appeared before me THOMAS K. APPLING, attorney at law, for Evans, Gardner & Co., represented by T. W. Evans, R. C. Gardner, W. B. Buckner, W. H. Evans, T. D. Feto, W. Porter, and R. W. Jennings, * * * who, on oath, says that the firm of Kennon & Klink, represented by R. E. Kennon and John Klink, is justly indebted to said firm of Evans, Gardner & Co. in the sum of fifty-two hundred and fifty-nine dollars and ninety-one cents : two thousand five hundred and thirty-three dollars and seventy-six cents is due, and two thousand seven hundred and twenty-six dollars and fifteen cents soon to fall due, and that the said Kennon & Klink are removing their property to be removed beyond the limits of this State, and that said John F. Klink is absconding."

The attachment was levied 30th November, " on the goods claimed by C. A. Klink," and 1st December following " on the goods in the store of Kennon & Klink."

Kennon & Klink *vs.* Evans, Gardner & Co.

The Bill of Exceptions recites that a motion was made to dismiss the attachment "on grounds appearing on the face of said attachment affidavit."

The Judge, in his certificate, says the motion was on two grounds only : 1st, "That the allegation in the affidavit that the defendants are removing their property to be removed beyond the State, is not a good cause of attachment ; and 2d, That the affidavit contains an additional ground, to-wit : that John F. Klink is absconding," and that with this qualification the Bill of Exceptions is true, etc.

The Court refused to dismiss the attachment, and this decision is assigned as erroneous.

WM. DOUGHERTY and A. B. SEALS, represented by N. J. HAMMOND, attorneys for plaintiffs in error.

DOUGLASS & APPLING, attorneys for defendants in error.

HARRIS, J.

1. Under the attachment laws, previous to the adoption of our Code, the exceptions taken to the affidavit on which the attachment issued in this case, would very probably have been sustained ; for the Courts were required to hold all proceedings void which did not strictly conform to the provisions of said laws. We apprehend that the Legislature, by simply requiring now a substantial compliance in all matters of form relative to attachments, and omitting the declaration of their being void for non-conformity, has entirely changed the rule of interpretation which had theretofore existed.

Subjected to a fair and liberal construction, the first ground on which this attachment was sought, viz :—"that they are removing their property to be removed beyond the limits of the State,"—is substantially equivalent to an allegation that they are causing their property to be removed beyond the limits of the State.

2. The other ground, also, "that John F. Klink (one of the copartners,) is absconding," strikes us as embodying the idea conveyed by the words "he absconds."

Either ground as sworn to seems to be a substantial compliance with the provisions of the Code, and would have entitled affiant to the attachment sought.

We cannot comprehend the force of the objection that affiant has included two grounds upon which attachments issue, instead of confining himself in his affidavit to one. The Code prescribes six grounds, and if they could co-exist, and a debtor brought himself within them all, we do not perceive any sufficient reason why the creditor might not set forth all—it would be, at most, but "ridiculous excess," as the existence of one ground is always sufficient.

Judgment affirmed.