Foster *vs.* Higginbotham.

---

THOMAS A. FOSTER, plaintiff in error, *vs.* HENRY O. HIGGINBOTHAM, defendant in error.

1. A claimant of property levied on by an execution issued on a judgment founded on an attachment cannot, on the trial of the claim, traverse the grounds on which the attachment issued.
2. When a reversal of a judgment is asked on account of an error alleged to be committed by the Court on a question of fraud, which, it is claimed in the argument before this Court, was made and argued on the trial of the case, it should be distinctly made to appear in the record what that error was. If it be on the ground of error in the charge of the Court on the matter of fraud, the bill of exceptions should show the charge, and as it does not appear what the charge was on that point, the presumption is that it was correct.

Attachment. Claim. Practice in the Supreme Court. Before Judge HARVEY. Gordon Superior Court. February Adjourned Term, 1873.

On September 12th, 1871, Higginbotham sued out an attachment against one George W. Lay as principal, and Charles Lay as security, for $900 00, besides interest, upon the ground that they resided out of the State. The attachment was levied

upon certain land as the property of the defendants. Judgment was obtained, and the execution issuing therefrom was levied upon the same land as belonging to Charles Lay. A claim was interposed to this property by Thomas A. Foster. Upon the trial of the issue thus formed, much evidence was introduced to show that George W. Lay resided in Gordon county at the time the attachment issued. The Court charged the jury that the claimant, upon the trial of this issue, would not be permitted to attack the ground upon which the attachment issued, thus virtually excluding said testimony.

The jury found the property subject to the execution. The claimant moved for a new trial, on account of error in the aforesaid charge. The motion was overruled and claimant excepted.

There seems to be another exception to the charge of the Court on the subject of fraud, but it is so indistinctly stated in the bill of exceptions, that it is difficult to arrive at the precise point made, especially as the charge is not given.

W. H. DABNEY, for plaintiff in error.

J. C. FAIN, for defendant.

TRIPPE, Judge.

1. In *Dow, Wilson & Herreman vs. Smith & Company*, 8 *Georgia*, 551, the contest was over the distribution of money in the hands of the sheriff. One party claimed as general judgment creditors—the other claimed under a judgment on attachment of older date. The former tendered an issue traversing the truth of the ground of the attachment alleged in the affidavit on which it was sued out. The judgment of the Court below, refusing to permit the issue to be made, was affirmed. This Court said, "it is exceedingly questionable whether this could be done by the defendants themselves, especially after the appearance term of the attachment. We are quite confident that third persons had no such right after judgment had been rendered on the attachment."

That decision is applicable to this case. If judgment cred-
itors have no such right, who may never have known of the
attachment until after judgment upon it, there is more reason
in not allowing it to a claimant of the property levied on by
the attachment, and by the execution issued on the judgment
rendered thereon, and who, in all probability, had notice of
the levy of the attachment.

Since the decision in 8 *Georgia, supra,* was pronounced,
the Legislature passed an Act limiting the right of a defend-
ant in attachment to traverse the truth of the ground in the
affidavit, to the first term: Acts of 1855, 1856; New Code,
section 3312; 30 *Georgia,* 40; 37 *Ibid.,* 18.

2. The charge of the Court, "that the claimant cannot at-
tack this attachment and judgment on the ground that G. W.
Lay, one of the defendants, resided in said county of Gordon
at the time the attachment was issued; this matter cannot
be inquired into by this Court, and the jury cannot consider
it," we think was only an enunciation of the foregoing prin-
ciple, and that it was so intended by the Court. Counsel for
plaintiff in error argued that it excluded the jury from con-
sidering that fact, as part of the claimant's evidence, in setting
up the question of fraud between the plaintiff and G. W.
Lay. It does not appear from the portions of the charge
given in the bill of exceptions that the matter of fraud was
considered by the Court, or that there was any request to
charge upon that subject. Nor does the bill of exceptions
show that the issue of fraud was raised. The charge except-
ed to was a correct and proper legal principle. It was a ne-
gation on the right of claimant to traverse the attachment
affidavit. It was appropriate to the issue made. If there
was the further issue of fraud, the presumption is that the
Court charged upon it, and that the charge was right. The
bill of exceptions should distinctly show the error complain-
ed of, and that the issue on which the error was committed
was made in the case. Justice to the Judge and to the other
party require this.

Judgment affirmed.