JOSEPH & BROTHER, plaintiffs in error, *vs.* ABRAHAM STEIN, defendant in error.

1. An affidavit to the effect that the defendant is indebted to the plaintiff for the unpaid purchase money on the bill of particulars thereto annexed and marked exhibit "A," in the sum of $269 75, and that said defendant is now in possession of part or all of the aforesaid property, is insufficient to base an attachment thereon, under section 3294 of the Code.
2. Where the defendant has voluntarily appeared and pleaded, the plaintiff is entitled to proceed for a verdict and general judgment, even though the attachment has been dismissed.

Attachment.    Pleading.    Before Judge JAMES JOHNSON. Muscogee Superior Court.    May Term, 1874.

Isaac Joseph made affidavit as follows: "Isaac Joseph, one of the firm of Joseph & Brother, composed of Moses Joseph and the said Isaac, comes before the undersigned, and on oath saith that Abraham Stein is indebted to said firm of Joseph & Brother for the unpaid purchase money on the bill of particulars hereto annexed and marked exhibit 'A,' in the sum of $269 75, and that said Abraham Stein is now in possession of part or all of aforesaid property."

To this affidavit were attached the usual bond and the process of attachment.    Then followed a bill of particulars for goods sold by plaintiffs to defendant to the amount of $524 75, with credits thereon aggregating $255 00, leaving a balance due of $269 75.

For the remaining facts, see the decision.

BLANDFORD & GARRARD, by HENRY L. BENNING, for plaintiffs in error.

Joseph & Brother *vs.* Stein.

CHARLES COLEMAN; THORNTON & GRIMES, by PEABODY & BRANNON, for defendant.

WARNER, Chief Justice.

This was an attachment sued out by the plaintiffs against the defendant under the provisions of the 3293d section of the Code. At the trial of the case, the 'defendant made a motion to dismiss the attachment because the affidavit was not sufficient, which motion the court sustained, dismissed the attachment, and plaintiffs excepted. The plaintiffs then pro-. posed to go before the jury for the purpose of obtaining a verdict and general judgment against the defendant, he having appeared and pleaded the general issue. The court refused to allow them to do so, holding that inasmuch as the attachment had been dismissed for a defective affidavit, the whole case was out of court; whereupon plaintiffs excepted.

1. We find no error in dismissing the attachment. The affidavit did not state that the plaintiffs' debt was due, nor did it sufficiently describe the property in the possession of the defendant.

2. But in our judgment the court erred in not allowing the plaintiffs to go to the jury for the purpose of obtaining a verdict and general judgment against the defendant. The defendant had notice of the attachment when he appeared and filed his plea to the plaintiffs' declaration, without any protestation therein as to the sufficiency of the attachment proceedings, and no good reason occurs to us why the plaintiffs should not have a general judgment upon their declaration against the defendant, upon proof of their demand, notwithstanding their attachment had been dismissed. The defendant appeared in court and filed his plea to the plaintiff's action, and whether he appeared there in pursuance of a written notice given to him by the plaintiffs of the pendency of the attachment and of the proceedings thereon, as provided by the 3309th section of the Code, or whether he voluntarily appeared and pleaded to the action without such notice, still he

was before the court in person, and a party defendant to the suit, having filed his plea to the merits thereof, and when that is the case, the section of the Code before cited declares that no declaration shall be dismissed because the attachment may have been dismissed or discontinued, but the plaintiff shall be entitled to judgment on the declaration filed, as in other cases at common law, upon the merits of the case.

Let the judgment of the court below be reversed.