J. Belknap Smith, plaintiff in error, *vs.* James W. Wilson,
defendant in error.

1. The claimant of property, levied on by *fi. fa.* issued on a judgment
   founded on attachment, cannot, on trial of the claim, traverse the
   grounds on which the attachment issued.
2. In attachments in justice courts no declaration need be filed, and in
   the county court none is necessary, if the case be within the juris-
   diction of the justice courts, and if it be founded on a draft, no bill
   of particulars is necessary.
3. The merits of the claim depended on conflicting evidence; it was
   passed upon by the judge of the county court, and affirmed by the
   superior court.   In such a case this court will not interfere.

Claim.   Courts.   Attachment.   Before D. M. DuBose,
Esq., Judge *pro hac vice.*   McDuffie Superior Court.   Sep-
tember Term, 1876.

An execution based on attachment in favor of Wilson,
against Jackson *et al.*, was levied on certain property, and
Smith interposed claim.   In the county court, from which
the execution issued, the property was held subject.   Claim-
ant carried the case, by *certiorari*, to the superior court.
After argument, the *certiorari* was dismissed, and claimant
excepted.

The other facts of this case will be found in the opinion.

J. E. STROTHER, for plaintiff in error.

H. C. RONEY, by brief, for defendant.

JACKSON, Judge.

This case was tried in the county court of McDuffie, and carried, by *certiorari*, to the superior court, where the judgment against Smith, the claimant, was affirmed.

Three grounds of error are alleged and insisted upon here : First, that the court refused to permit the claimant to traverse the grounds on which the attachment was founded, the property being levied on by a judgment founded on an attachment; second, that there was no declaration or bill of particulars filed in the county court; and, third, that the finding was against law and evidence.

1. The first point was decided against the claimant in the case of *Foster vs. Higginbotham,* 49 *Ga.,* 263.

2. In respect to the second point, it is enough to say that no declaration is necessary in a justice court, and as the proceedings in the county courts are to be had as in justice courts ordinarily (Code, §285), we see no reason for a declaration to be filed there, when, as in this case, the amount is within the justice court jurisdiction. Section 3308 of the Code, which speaks of declarations being filed in attachments in county courts, must, we think, refer to cases where the amount involved is over $100.00. Thus the entire Code may be made to harmonize. Inasmuch as this attachment was issued upon a draft, no bill of particulars, other than a copy of the draft, was necessary.

3. The last point turned on the evidence. It was conflicting, but the preponderance, we think, is against the claimant. The judge of the county court thought so, and so did the superior court.

We affirm their judgment.