## NEAL *vs.* GORDON.

1. Judgment being rendered in attachment, against the security on replevy bond, jointly with the principal, and the attachment being void by reason of a fatal defect in the affidavit apparent on the face thereof, the judgment will be arrested as to the security, on motion made at the same term of the court, notwithstanding a previous motion to dismiss the attachment for the same cause, had been made by the principal, and denied.

2. The ground of attachment must be sworn to positively, and the language used must be such as not to leave it doubtful whether this requisition has been complied with. Affidavit by the creditor's attorney,

Neal *vs.* Gordon.

that, "to the best of his knowledge and belief," the indebtedness exists, and that the debtor resides out of this state, is ambiguous, and therefore insufficient to warrant an attachment grounded on non-residence.

Attachments. Replevy bond. Principal and security. Judgments. Before Judge McCutchen. Catoosa Superior Court. August Term, 1877.

Attachment was sued out by Neal against Gallaher, based on an affidavit as set forth in the second head-note. A levy was made and the property replevied by Gordon's becoming security. When the case was called a motion was made to dismiss the attachment by the defendant because of the insufficiency of the affidavit. It was overruled and the case proceeded to trial. The plaintiff recovered, and a judgment was rendered against the defendant and the security on the replevy bond. At the same term of court the security moved in arrest of judgment, upon the same ground previously relied upon by the defendant. The motion was sustained, and the plaintiff excepted.

W. H. PAYNE; SHUMATE & WILLIAMSON, for plaintiff in error.

A. H. GRAY; R. J. McCAMY, by brief, for defendant.

BLECKLEY, Judge.

1. The security on replevy bond in attachment, has no opportunity to defend during the trial. He is bound by the judgment, if the judgment is legal; but there can be no legal judgment as to him where the attachment is void. An adverse ruling, made on the motion of the principal to dismiss the attachment, is not conclusive upon the security. A motion by the latter in arrest of judgment as to himself, will be entertained if made at the same term of the court.

2. The ground of attachment must be sworn to positively, though the debt may be sworn to in a more qualified man-

ner. 9 *Ga.*, 598. The language used in the affidavit must be such as not to leave it doubtful whether the oath is positive or not. The requisite of positiveness forbids all ambiguity. What is ambiguous is not positive. An affidavit by the creditor's attorney, that, " to the best of his knowledge and belief," the indebtedness exists, and that the debtor resides out of this state, is ambiguous; for the phrase, " to the best of his knowledge and belief," may qualify both propositions. On an indictment for perjury, the affiant would be protected as to either proposition by the qualifying words. These words are a canopy to cover him; and will serve for shelter, no less as to the ground of attachment than as to the fact and the amount of the indebtedness. But in swearing to the ground of attachment, the affiant must expose himself fully. He must commit himself absolutely. The judgment was properly arrested.

Cited for plaintiff in error: Code, §§3282–3; 36 *Ga.*, 89; 26 *Ib.*, 514; 44 *Ib.*, 454; Code, §4, (paragraphs 1 and 6).

Cited for defendant in error: Chitty's Pleadings, 237; Stephen's Pleadings, 378; 5 Conn., 422; 9 *Ga.*, 598; 28 *Ib.*, 351; 54 *Ib.*, 678; 53 *Ib.*, 558; 52 *Ib.*, 332; 48 *Ib.*, 12; 44 *Ib.*, 454; 18 *Ib.*, 287; 19 *Ib.*, 223; 30 *Ib.*, 938; Code, §204.

Judgment affirmed.