WAXELBAUM & BROTHER *vs.* PASCHAL & HEIDINGSFELDER.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

An affidavit to sue out attachment for purchase money, must so describe the property for which the debt was created and in possession of the debtor, as to certify to the officer making the levy what property he is authorized to seize and sell.

Attachments.    Before Judge CRAWFORD.    Talbot Superior Court.    March Term, 1879.

The only question in this case is upon the sufficiency of the following affidavit for attachment :

" GEORGIA—Talbot County:

"Joseph Waxelbaum, one of the firm of S. Waxelbaum & Brother, a firm, composed. of Solomon Waxelbaum & Joseph Waxelbaum, comes before the undersigned, and on oath saith that Paschal & Heidingsfelder, of said county, a firm composed of William D Paschal & Phillip Heidingsfelder, are indebted to deponent's firm in the sum of nine hundred and ninety-one $\frac{57}{100}$ dollars ($991.57). Said indebtedness was created by the purchase from deponent's firm by said Paschal & Heidingsfelder of goods and merchandise as shown by the annexed bills, marked from number one (1) to nine (9) inclusive. Said goods and merchandise are not paid 'for, but the debt for the same is now due to deponent's firm, except $336.69, which will be due at an early date. Said goods and merchandise, except certain quantities of the same disposed of by said Paschal & Heidingsfelder, are now in the possession of said Paschal & Heidingsfelder. The goods and merchandise thus in the possession of said Paschal & Heidingsfelder constitute a large amount of the goods and merchandise set out in said bills numbered from 1 to 9, and are easily capable of identification by the proprietary marks and labels of deponent's firm, and deponent refers to said bills as a complete description of said goods and merchandise, and hereby makes. them a part of this affidavit."

The bills referred to are annexed to the affidavit, embracing such items as : 1 B. F. R. yards, 10 a osnaburgs, 10 Prattville osnaburgs, etc., etc.

The attachment was levied on the goods thus described, and defendants replevied.

On the hearing the court dismissed the affidavit for want of sufficiency in the description of the goods in defendants' possession, to which plaintiffs excepted.

HILL & HARRIS, for plaintiffs in error.

WILLIS & WILLIS ; J. M. MATHEWS, for defendants.

JACKSON, Justice.

The trouble with the plaintiffs' affidavit is that the description of the goods is not such as to enable the sheriff to

ascertain which his process authorizes him to seize and sell. The affidavit does not show what goods, liable to attachment, are in the possession of defendants, or were in their possession when the affidavit was made and the seizure by the sheriff directed. What particular goods was the officer empowered to seize and sell? There is a general enumeration of the goods sold by plaintiffs to defendants in certain exhibits, but these exhibits show nothing except the character of the goods which are in the exhibits and in nowise distinguishes them from the character of similar goods all over the country. It is true that the affidavit says that the goods are easily capable of identification "by the proprietary marks and labels of deponent's firm;" but what these marks and labels are does not appear; and when we look to the exhibits, there are no marks or labels of any sort on any of the goods therein exhibited. The court does not judicially take knowledge of what are the proprietary marks or labels of any firm of merchants, or of any merchant, even if something appeared on the goods, as exhibited and referred to "as a complete description of said goods and merchandise," purporting to be marks and labels, but nothing of the kind appears.

But if this were all right, a remnant only is embraced in the affidavit, and what that remnant is no man can tell, for it is not described. Whether it be one or another kind of the various merchandise sold, is not set out. It is simply said in the affidavit that "said goods and merchandise, except certain quantities of the same disposed of by said Paschal & Heidingsfelder, are now in the possession of said Paschal & Heidingsfelder;" but what has been disposed of, or what is left, is nowhere attempted to be described in character or nature, or mark or label of any sort, so that what the precept directs the officer to seize, as in the possession of defendants, is not described. This seems essential under the statute. The remedy of attachment for purchase money is only given "where the debtor who created such debt is in *the possession* of the property,"

Code, §3293 ; and the officer can levy " *only* on the property described in said affidavit." Code, §3295. What property for which this debt was created was in the possession of the defendants when this process was issued does not appear, and cannot be ascertained from this affidavit and the exhibits thereto—and the process refers to the affidavit for the description thereof.

It is clear, therefore, that no error was committed in dismissing the attachment. See also, *Joseph & Bro. vs. Stein,* 52 *Ga.,* 332 ; *Bruce vs. Conyers,* 54 *Ga.,* 678.

Judgment affirmed.