BROWN & COMPANY vs. MASSMAN BROTHERS & COMPANY.

1. Where the motion made by the plaintiff in error would, if granted, have finally disposed of the case, he may bring the case to this court for review. Code, §4250.

2. If the foundation of the attachment under sections 3297 et seq. of the Code rests upon the affidavit of the attorney, the oath must be positive as respects the grounds on which the writ may issue under those sections; therefore, the following affidavit was insufficient: "I, William T. Davidson, do swear that I am a member of the firm of J. S. & W. T. Davidson, and that said firm are the attorneys at law for A. E. Massman Bros. & Co., and that I swear positively to the indebtedness of M. Brown & Co. to plaintiffs, to the alleged assignment; to the non-residence of Samuel T. Bleyer, and to the existence of the mortgages aforesaid. As to all the other facts, I charge them on information and belief, and from said information and the investigation I have been able to make, I believe all of said allegations are true." Code, §3300; Acts 1873, p. 29.

Judgment reversed.

December 4, 1883. (Head-notes by the court.)

JACKSON, Chief Justice.

[On the petition of Massman Bros. & Co., an attachment was issued against Brown & Co., under §3297 of the Code The petition was verified by the oath of the plaintiffs' attorney, which is set out in the second head-note. Counsel for defendants moved to dismiss the attachment, one ground of the motion being that the affidavit was not positive. The motion was overruled, and defendants excepted. When called in the Supreme Court, a motion was made to dismiss the writ of error, on the ground that the case was still pending below, on a traverse to grounds of the attachment.]