## MAYER & GLAUBER *vs.* BROOKS.

1. An affidavit to obtain an attachment for purchase money must so describe the property sought to be attached as to inform the officer making the levy what property he is to seize and sell. If goods sought to be attached have been mingled with others in the same store, the affidavit should so describe them as to identify and sep-arate them from the others, but where the entire stock of goods was to be attached, it was sufficient to describe them as "a stock of whisky, brandy, gin, cordial, case-liquors, tobacco, canned goods and groceries, situated in a store between Brimberry and Dixon's stores, near the depot in Camilla," and in the possession of the debtor.

2. Where an attachment was levied and returned to a justice's court, and the property levied on was replevied, the plaintiff could take a general judgment, although the attachment may have been dismissed. In a court of record, the declaration must be filed at the first term, but this is not necessary in a justice's court.

February 24, 1885.

Attachment. Levy and Sale. Justice Courts. Before Judge BOWER. Mitchell Superior Court. November Term, 1884.

Reported in the decision.

I. A. BUSH; D. H. POPE, for plaintiffs in error.

No appearance for defendant.

HALL, Justice.

An attachment was issued to secure a debt created by the purchase of property, the affidavit to obtain which alleged that the property, for the purchase of which the debt was created and which debt was then due, was in the possession of the debtor, the defendant in the attachment, and described the same in the following words: "A stock of whisky, brandy, gin, cordial, case liquors, tobacco, canned goods and groceries, situated in a store between Brimberry and Dixon's stores, near the depot in Camilla." The attachment which issued upon this affidavit was levied

on the stock of goods, whisky, brandy, gin, cordial, case-liquors, canned goods, etc., described in said attachment. The process was returned to a justice's court, and the goods thus levied on were replevied by the defendant. From the judgment in the justice's court, there was an appeal to the superior court, and coming on for a hearing in that court, a motion was made to dismiss the attachment, because neither the affidavit to obtain the same nor the levy made in conformity therewith sufficiently specified and designated the property sought to be attached and levied on, which motion was sustained and the writ dismissed.

1. Unless the plaintiff had been allowed such access to the goods in the store as would have enabled him to take an itemized inventory thereof, we can scarcely conceive how he could have given a more accurate description thereof than was done in this affidavit. The statute (Code, §3294) requires that he shall " describe in the affidavit the property for which the debt was created." The attachment, when issued, can be levied only on the property thus described, and it must be either in the possession of the debtor, or of some one holding the same for his benefit, or in fraud of the rights of the creditor. Code, §§3293, 3294, 3295. To require a more minute description than would readily identify the property, it seems to us, would, in instances like this, deprive the remedy given of its efficiency and value. When this is done, the terms of the law are complied with. *Id certum est quod certum reddi potest.* Where the goods sought to be attached have been mingled with others in the store, the affidavit should so describe them as to identify and separate them from the others. In 64 *Ga.,* 375, this court held that an affidavit to sue out an attachment for purchase money must so describe the property sought to be attached as to certify the officer making the levy what property he is to seize and sell.

2. There was manifest error in refusing to allow the plaintiff (the defendant having replevied the property seized) to take a general judgment, where the other re-

quirements of the law had been complied with, as the filing of a declaration at the first term, where the proceeding is returned to the superior court, or other court of record wherein pleadings are deemed essential; but they are not required in such a case pending in a justice's court. Code, §3308; 58 *Ga.*, 322.

The judgment complained of is therefore erroneous upon all the grounds taken in the bill of exceptions and must be reversed.

Judgment reversed.