## Krutina *vs.* Culpepper, agent.

[Jackson, C. J., being disqualified, Judge Marshall J. Clarke, of the Atlanta Circuit, presided in his stead.]

1. The ground of attachment must be sworn to positively, and the language used must be such as not to leave it doubtful whether this requirement has been complied with. An affidavit that the attorney at law for the plaintiff in attachment " comes before the undersigned, and on oath saith that H. I. Kimball, to the best of deponent's knowledge and belief, is indebted to F. Krutina (in a sum stated), and that the said H. I. Kimball absconds," is not a sufficient compliance with the law

(a.) The decision in *Neal vs. Gordon,* 60 *Ga.,* 112, reviewed and approved.

2. Where an attachment issued, based on such an affidavit, and was levied, a judgment in attachment obtained, a *fi. fa.* issued and levied, and a claim interposed, the claimant could move to dismiss the levy, on the ground that the attachment affidavit was defective. This does not conflict with the rule that a judgment shall not be collaterally attacked. That rule is restricted to irregularities in the judgment as the ground of objection, and does not apply to objections to a judgment as being void or a mere nullity.

3. Such a motion was not objectionable on the ground that it was not made within three years from the rendition of the judgment. The claimant could not move in reference to the judgment until after the filing of the claim; and a motion by a claimant to dismiss a levy is not a motion to set aside a judgment, which must be made within three years from the rendition of such judgment

February 17, 1886.

Attachments. Attorney and Client. Judgments. Claims. Practice in Superior Court. Before Judge HAMMOND. Fulton Superior Court. March Term, 1885.

Reported in the decision.

MYNATT & HOWELL; E. N. BROYLES, for plaintiff in error.

HOPKINS & GLENN, for defendant.

CLARKE, Judge.

This is a claim case. Krutina sued out an attachment against H. I. Kimball, and had it levied on the furniture in the Kimball House on December 31, 1871. While the attachment suit was pending, Crittenden filed a claim. Plaintiff obtained judgment against the property on October 26, 1872, and had a *fi. fa.* issued on the first of the following February. The claimant withdrew his claim on April 4, 1879, and afterwards, to-wit, on May 29, 1879, the *fi. fa.* was levied on the property attached. A claim was then filed by Joseph Thompson *et al*, through their agent, Culpepper. On motion of claimants, the levy was dismissed June 18, 1885, because the attachment affidavit was defective. The following is a copy of the affidavit:

" GEORGIA—Floyd County.

J. W. H. Underwood, attorney at law for F. Krutina, comes before the undersigned, and on oath saith that H. I. Kimball, to the best of deponent's knowledge and belief, is indebte1 to F. Krutina in the sum of nineteen thousand four hundred and seventy-five dollars and ———— cents, besides interest from the ———— day of ——————— 18—, and that the said H. I. Kimball absconds.

J. W. H. UNDERWOOD.

Sworn to and subscribed before me this 29th December, 1881.

THOS. J. PERRY, J. P.

This judgment dismissing the levy is assigned as error. Counsel for the plaintiff says that the judgment was erroneous for three reasons: First, that the affidavit was suffi-

cient; second, that the motion was a collateral attack on the judgment, and, therefore, could not be made in this manner; and third, that the motion was, in its nature, a motion to set aside a judgment, and not having been made within three years from its rendition, came too late, under the act of 1876.

It was admitted by counsel for plaintiff that the affidavit was fatally defective according to the decision of this court in the case of *Neal vs. Gordon*, 60 *Ga.*, 112, and the argument was made upon permission granted to review that decision. It was held in *Deupree vs. Eisenach*, 9 *Ga.*, 598, and in *Stowers vs. Carter*, 28 *Ga.*, 351, that the affidavit must be positive as to the ground of the attachment. This ruling seems to us necessarily correct from the language of the statute. It declares that, before an attachment shall issue, the party seeking the same, his agent or attorney at law, shall make an affidavit that the debtor has placed himself in some one of the positions enumerated by the Code, and also the amount of the debt claimed to be due. Code, §3265. No provision is made here for any but a direct, unqualified statement under oath. That no other should be received as to the ground, is made clearer by the next sentence, which allows an agent or attorney at law to swear that the amount claimed to be due is due according to the best of his knowledge and belief. Express permission to qualify one of the statements in the affidavit implies, of course, that the other shall not be qualified. As Judge Bleckley says in *Neal vs. Gordon*, "the requisite of positiveness forbids all ambiguity." It calls for an averment clear and direct in its terms and without condition or qualification   Counsel for the plaintiff contended, in a very discriminating argument, that the affidavit in the present case fully meets the requirement. He says that each of the clauses in the affidavit is to be treated in its entirety; that the only office of the "and" is to connect two statements complete in themselves; and that thus dealt with, the qualification contained in the

first in nowise affects the last. While there is much force in this reasoning, we cannot say that it relieves the affidavit of all doubt; and as the decision in *Neal vs. Gordon* has been approved by a full bench in two cases, we think best to affirm it.

The claimant's motion was a proper mode of attack. The rule that a judgment shall not be collaterally attacked is restricted to irregularities in the judgment as a ground of objection. Code, §3593. Where a judgment is "void for any cause, it is a mere nullity, and may be so held in any court when it becomes material to the interests of the parties to consider it." Code, §3594. Another section declares that the attack on such judgment may be made, not only in any court, but by anybody. Code, §3828.

The motion was not only proper, but in time. As the claimants were, of course, no parties to the judgment, and in no way concerned with it till it was levied upon the property in question, they could not till then have moved in reference to it. After they filed their claim, they were on the same footing as to the prosecution of their remedies with other litigants. They had to wait their opportunity for a trial. There seems to have been no failure to use such opportunity promptly. We do not consider, however, that the act of 1876 has any application to this motion. That act is intended to fix a limitation upon the time in which a motion to set aside a judgment shall be made. This is no such motion. It is a motion by claimants to dismiss a levy because there is in law no judgment and can be none.

"Creditors or *bona fide* purchasers may attack a judgment for any defect appearing in the face of the record or pleadings, or for fraud or collusion, whenever and wherever it interferes with their rights, either at law or in equity." Code, §3596.

Judgment affirmed.