Clarke, J.
1. The-ground of attachment must be sworn to positively, and the language used must be such as not to leave it doubtful whether this requirement has been complied with. An affidavit that the attorney at law for the plaintiff in attachment “comes before the undersigned, and on oath saith that H. I. Kimball, to the best of deponent’s knowledge and belief, is indebted to F. Krutina (in a sum stated) and that the said H. I. Kimball absconds,” is not a sufficient compliance with the law. 9 Ga., 598; 28 Id., 351; Code, §3265.
(a) The case of Neal vs. Gordon, 60 Ga., 112, reviewed and reaffirmed.
2. Where an attachment issued, based on such an affidavit, and was levied, a judgment in attachment obtained, a fi. fa. issued and levied, and a claim interposed, the claimant could move to dismiss the levy on the ground that the attachment affidavit was defective. This does not conflict with the rule that a judgment shall not be collaterally attacked. That rule is restricted to irregularities in the judgment as the ground of objection, and does not apply to objections to a judgment as being void or a mere nullity. Code, §§3593, 3594, 3828.
3. Such a motion was not objectionable on the ground that it was not made within three years from the rendition of the judgment. The claimant could not move in reference to the judgment until after the filing of the claim, and a motion by a claimant to dismiss a levy is not a motion to set aside a judgment, which must be made within three years from the rendition of such judgment. Code, §3596.
Judgment affirmed.