BRAFMAN & SON *vs.* ASHER *et al.*

Under §3293 of the code, an attachment for purchase money may issue, if the property, for the purchase of which the debt was created, is in possession of any one holding the same for the benefit of the debtor, or it may issue also if the property is held in fraud against such creditor; but the affidavit to procure the attachment must state positively on which ground it is based, or else that both grounds exist. It is not sufficient to state the grounds in the alternative. If this be done, the attachment will be dismissed on motion.

November 23, 1886.

Purchase Money. Attachment. Before Judge EVE. City Court of Richmond County. March Term, 1886.

Reported in the decision.

WM. H. FLEMING, for plaintiff in error.

C. HENRY COHEN, for defendants.

BLANDFORD, Justice.

The attachment was sued out, under §3293 of the code, for purchase money. The affidavit set out the ground of attachment that the goods were in the possession of Samuel Levy, "who holds the same for the benefit of Julius Asher, or in fraud against A. Brafman & Son." A motion was made to dismiss the attachment upon the ground that the grounds of the attachment were not sworn to positively. The court sustained the motion and dismissed the attachment, and plaintiffs excepted, and this is the error assigned here.

If a debtor brought himself within all the grounds for which the law allows an attachment to issue against him, if they could exist at the same time, then the creditor might sue out his attachment upon any, either or all the grounds which authorize an attachment to issue. Harris, J., in *Kennon & Klink vs. Evans, Gardner & Co.* 36 *Ga.* 91.

This attachment was not dismissed because there was more than one ground taken in the affidavit, but because the ground or grounds therein stated were not sworn to positively. It is manifest that the ground that Levy holds the property for the benefit of Asher, or in fraud against the plaintiffs, is ambiguous and not positive; he holds the property, according to the affidavit, for the benefit of Asher, or in fraud against plaintiffs; which is not positively stated; it may be held the one way or the other; either way is a good ground of attachment; both ways furnish likewise good ground of attachment, if the same be positively stated; and neither way will be a good ground unless positively stated. 60 *Ga.* 113; 71 *Ga.* 859. The affidavit in this case being uncertain, in the alternative, and not positive as to the grounds, is defective, and the court committed no error in dismissing the same.

Judgment affirmed.