### ENNEKING BROTHERS *vs.* CLAY.

1. Where no regular order granting an attachment applied for under §3297 of the code appears, the affidavit to the petition as to the ground of the attachment must be positive.
2. An order signed by the judge bearing equal date with the attachment, and written on the margin of the same, in these terms: "Upon the execution of good and sufficient bond under the law in attachment cases, to be approved by the clerk of the superior court of Sumter county, the attachment is to take effect," is not a judgment granting the attachment, but is simply a mandate suspending its operation.    There is no provision of law for such a mandate.
3. It appearing on the face of the record that no bond was given until after the judge issued the attachment, the attachment was, for that cause also, invalid.

March 3, 1888

Attachments.    Bonds.    Before Judge FORT.    Sumter Superior Court.    April Adjourned Term, 1887.

An attachment in favor of Enneking Brothers *vs.* Dickson & Vigal was levied on a stock of goods, to which Clay interposed a claim.    On the trial, he demurred to the sufficiency of the affidavit to obtain attachment, and moved to dismiss the levy.    As a reason why this should not be done, the plaintiffs showed that a certain bill in equity against the same defendants, and an affidavit of M. B. Council, and interrogatories of J. B. Timberlake, were before the judge at the time he granted the attachment, and had been investigated by him; that the attachment affidavit contained the words, " and his information was derived from a trial

of said matter before the judge of the superior court of said county," which referred to the trial of the bill in equity; and that the judge had placed on the margin of the attachment the order set out in the second head-note. The levy was dismissed, and the plaintiffs excepted. The marginal order of the judge was dated November 10; the attachment bond was executed on the following day.

J. A. ANSLEY, for plaintiffs in error.

E. A. Hawkins; GUERRY & SON; B. P. HOLLIS; E. G. SIMMONS; E. F. HINTON, for defendant.

BLECKLEY, Chief Justice.

The petition for attachment was against a fraudulent debtor, under the code, §3297. It was verified by the plaintiffs' attorney, whose affidavit stated that, " the facts contained in the foregoing petition are true, so far as they depend upon his own information and belief, and so far as they depend on the information of others, he believes them to be true; and that this information was derived from a trial of said matter before the judge of the superior court of said county; and as to the indebtedness of Dickson & Vigal to the petitioners, deponent believes them to be true to the best of his knowledge and belief."

1. There was no regular order granting an attachment; and that being so, the affidavit to the petition as to the ground of the attachment should have been positive. *Brown vs. Massman,* 71 *Ga.* 859; and see *Loeb vs. Smith Bros. & Co.; Gazan vs. Royce & Co.,* 78 *Ga.* 504, 512.

2. In the margin of the attachment was a mandate of the judge, the terms of which are recited in the second head-note. We cannot construe this into a judgment granting the attachment. It was not intended as such, but simply as a mandate suspending the operation of the writ, and there is no law for such a mandate. We think, there-

fore, that the attachment can derive no aid from this marginal entry.

3. Moreover, it appears on the face of the record that no bond was in fact given until after the judge issued the attachment. For this cause, the attachment was invalid, as we have just ruled in *Clay vs. Tapp, Leather & Co. et al.* The motion of the claimant to dismiss the levy was properly granted.

Judgment affirmed.