## GRAHAM *v.* WEST.

An agreement for the sale of property attached to the soil, but which is to be severed therefrom and converted into personalty before the title to the property is to pass to the purchaser, is an executory sale of goods, and not of an interest in lands.

Submitted June 8,—Decided November 9, 1906.

Certiorari. Before Judge Hammond. Richmond superior court. December 15, 1905.

An attachment for purchase-money was sued out by F L West against Luther Graham, who was alleged to be indebted in the sum of thirty dollars for "a certain lot of wood," of which he was in possession. On the trial of the case in a justice's court, the plaintiff testified, that he had sold the defendant the wood on a certain lot of land, the same being a part of a tract of land known as the McDade land, and the defendant owed him on the purchase the sum of money for which the attachment was proceeding; that he could not swear positively that the wood levied on was cut from this tract of land, but felt satisfied that it was, as he had seen Graham going to the woods with his wagons and coming from there with the cord wood on them, and knew the defendant had hands cutting this wood; that some one had hauled it from the land, and that defendant had no other wood to haul. Upon the conclusion of the plaintiff's testimony, counsel moved to dismiss the attachment, on the grounds (1) that the plaintiff had failed to identify the property, and (2) that the attachment was proceeding against realty,

and the justice's court was without jurisdiction in the premises. The motion to dismiss was overruled, the justice holding that "when wood had been sold, cut, and hauled from land, it was detached from the realty and became personal property." On certiorari to the superior court, the judgment of the justice was upheld, and the plaintiff sued out a writ of error to this court.

*F. W. Capers,* for plaintiff in error. *H. S. Jones,* contra.·

EVANS, J. (After stating the facts.) The sale of standing timber, where the contract contemplates that the growing trees are to remain in the soil for a fixed time or indefinitely, at the pleasure of the vendee, concerns an interest in the land. *Moore* v. *Vickers,* ante, 42. On the other hand, the prevailing rule seems to be that if the trees sold are to be immediately severed from the soil and carried away, and are not to be left to grow and attain additional strength from the soil, the sale is that of personal property, and not of an interest in land. Benj. Sales (7th ed., Bennett's), 133. The evidence reveals that the thing sold was "wood on a certain lot of land, said land known as the McDade land." "Trees" and "wood" are not synonymous terms; the latter refers to the substance of the former when cut for use. The old maxim is: "Arbor dum crescit, lignum cum crescere nescit"—a tree while it grows, wood when it cannot grow, that is, when it is cut down. Clearly, from this description of the subject-matter of the sale, it was contemplated by the parties that the timber was to be cut or converted into wood; and when so converted into the chattel state, title thereto was to pass to the purchaser. An agreement for the sale of property attached to the soil, but which is to be severed therefrom and converted into personalty before the property is to be transferred to the purchaser, is an executory sale of goods. Smith *v.* Surman, 9 B. & C. 561; Claflin *v.* Carpenter, 4 Met. 580. The thing sold under the contract of sale was wood, was personalty; and the purchase-price could be collected by means of an attachment for the purchase-money, foreclosed in a justice's court, and this court has jurisdiction to try issues arising from the interposition of a defense to the attachment. The proof sufficiently identified the wood for which the purchase-money was due as the property levied upon under the attachment.

*Judgment affirmed.   All the Justices concur.* ·