SPAULDING & CO. v. EFFIE M. EVANS.

1. The jurisdiction of the courts in attachment proceedings depends upon a full compliance with all the steps prescribed by the statute; and where the ground for the attachment is the non-residence of defendant, the prime jurisdictional requisite is a valid levy upon property of the defendant within the territorial jurisdiction of the court.

2. Property attached must be appraised and returned as the property of the defendant, and if not so returned, and if it is not the property of defendant, it is fatal to the attachment.

3. The interest of defendant in different parcels of land attached must be appraised and returned separately, and the appraise-

ment and return must show what the interest of the defendant is.

4. Where the sheriff's return to a writ of attachment states that he levied upon the *interest* of the defandant in certain lands, and that he has caused the same to be appraised, but the inventory shows that he levied upon and appraised the *entire* land, and not an interest in it, the levy will be set aside.

5. The equitable interest in real estate of a purchaser who is in possession and has paid part of the purchase money, is not ordinarily subject to attachment.

HOSEA, J.

Spaulding & Company, an Illinois corporation, brings this action against Effie M. Evans, upon an account for merchandise of $179.50 sold and delivered at Paris, France, between October 30, 1893, and January 12, 1896, inclusive, and claims interest from December 1, 1893.

The petition is filed November 27, 1903, and avers acknowledgment of the debt, and new promises within six years. An affidavit in attachment was filed therewith on the ground of non-residence, and on the same day an order of attachment issued to the sheriff of Hamilton county in the usual form. The order was returned same day by the sheriff, with the following endorsement:

"1903, November 27. No goods or chattels found to attach, and by virtue of this writ, I have this day attached in the presence of E. Wm. Oesper and John Hanson, two freeholders and residents of Hamilton county, Ohio, the interest of Effie M. Evans in the real estate contained and described in the schedule hereto attached, and same appraised by said freeholders under oath in the sum of $7,500, and left a copy of this writ upon each of said premises.

"(Signed), SALMON JONES,
"Sheriff of Hamilton County,
"By J. E. CORMANY, *Deputy.*"

The inventory attached to the return shows an appraisement of "the following described real estate," to-wit, two distinct and widely separated lots of ground, at an aggre-

gate valuation of $7,500, but without specific valuation of either.

The jurisdiction of the court, in actions of this nature, depends upon a full compliance with the steps prescribed by the statute. The defendant being a non-resident, the prime jurisdictional requisite is a valid levy upon property of the defendant within the territorial jurisdiction of the court. *Buckeye Pipe Line Co.* v. *Fee,* 62 Ohio St., 543, 556.

The sheriff returns this writ as levied upon the *interest* of the defendant in certain lands, and that he has caused the same to be appraised; but the inventory shows that he has levied upon and appraised the entire land, and not an interest in it. This is fatal to the writ.

Moreover, the interest in each lot must be returned and appraised separately. Property attached must be appraised and returned as the property of the defendant. If it is not so returned, and if it be not the property of the defendant, it is fatal. *Pelton* v. *Platner,* 13 Ohio, 209; 219.

The appraisement and return must show what the interest is. The statute authorizes attachment of lands and does not in terms authorize attachment of mere interests therein. An equitable interest of a purchaser in possession with part of the purchase money paid had been recognized as attachable. *Wright* v. *Bank,* 59 Ohio St., 80.

But *Coggshall* v. *Bank Co.,* 63 Ohio St., 88, 98, leaves the matter clouded, and the circuit court in *Warner* v. *York,* 25 O. C. C., 310, declares equitable interests in land not subject to attachment.

The attachment levy is set aside, and counsel is required to file with the court an affidavit (*Mayer* v. *Brooks,* 74 Ga., 526; *Waxelbaum* v. *Paschal,* 64 Ga., 275) showing the exact nature of the interest of the defendant, as a guide to the sheriff, and as the predicate of further proceedings, and the hearing is continued for this purpose.

*W. C. Peirce* and *W. S. Kyle,* for plaintiff.
*E. P. Bradstreet,* for defendant.