## 1969.  COLLINS v. MILLER.

An affidavit made for the purpose of securing the issuance of an attachment
for purchase-money must contain a sufficient description of the property
for which the debt was created, so that the officer whose duty it is to levy
the attachment can readily identify the property upon which the levy is
to be made.  The description, however, need not be more specific than is
necessary for the purpose of correct identification.

Attachment, from city court of Jeffersonville—Judge Shannon.
May 19, 1909.

Argued July 20,—Decided October 5, 1909.

*M. J. Carswell,* for plaintiff.  *L. D. Moore,* for defendant.

RUSSELL, J.  Collins sued out an attachment for purchase-money
against Gray, and had it levied.  When the case came on for a hear-
ing, Miller moved to quash the attachment and dismiss the levy,
upon the ground that the attachment affidavit was void, in that it
did not sufficiently describe the property against which the attach-
ment was sought.  The trial judge sustained the motion, and the
correctness of his ruling is the only question now before this court.
The affidavit describes the property as follows: "All of the timber
on the place of the said deponent located in Wilkinson county, said
State, said place is the place known as the Hobson Place, and joins
the lands of Malachi Butler, Isaac Hall, and Ira E. Dupree."  The
return of the officer making the levy was as follows: "I have this day
levied the above attachment upon the following described personal
property, which is a part of the property set out in the above affi-
davit: 6,000 feet, more or less, of sawed timber, of different sizes
and lengths, the same being levied on as the property of the said
W. D. Miller, to satisfy the above attachment."

In order to obtain an attachment for purchase-money, the party seeking it must make affidavit containing, among other things, a description of "the property for which the debt was created." Civil Code, §4540.   Unless the property is described in the affidavit, the officer executing the attachment would have no means of ascertaining what property he is to levy upon; because he can levy the attachment "only on the property described in the affidavit." Civil Code, §4541.   And so where the affidavit describes the property as a part of a stock of merchandise in a store, capable of identification "by the proprietary marks and labels of the deponent's firm," and it does not appear what are the marks and labels referred to, the affidavit is not sufficient.   *Waxelbaum* v. *Paschal*, 64 *Ga.* 275.   But it is only required that the affidavit shall describe the property with reasonable certainty.   If from the description the levying officer can identify the goods and separate them from others, the affidavit is sufficient.   Where the affidavit describes the goods as "A stock of whisky, brandy, gin, cordial, case-liquors, tobacco, canned goods and groceries, situated in a store between Brimberry and Dixon's stores, near the depot in Camilla," the description is sufficient to support the levy.   *Mayer* v. *Brooks,* 74 *Ga.* 526.   It will be seen that the description of the property in the affidavit involved in this case is more definite and certain than that in the case just cited. It is stated that it is "all of the timber" on a parcel of property easily identifiable.   If from the description the levying officer can know what property he is to levy on, the affidavit is sufficient. In the case of *Graham* v. *West,* 126 *Ga.* 624 (55 S. E. 931), the only description of the property (as appears from an examination of the affidavit in the original record) was "a certain lot of wood" in the possession of the defendant in attachment.   Since, however, the question as to the sufficiency of the description was not directly raised in that case, it is to be regarded as a physical precedent only.   As was said in the case of *Mayer* v. *Brooks,* supra, "To require a more minute description than would readily identify the property  .  .  would deprive the remedy of its efficiency and value."

It is insisted that the return of the officer does not show that the property levied upon by him is the same property as that described in the affidavit, since his return shows that he levied upon "sawed timber," whereas the affidavit described "timber."   As to this it is

only necessary to say that timber would be timber although sawed, so far as the right to have it levied on for purchase-money is concerned. The property is identical though it has been changed from standing trees into lumber; and where standing trees are sold but not paid for, and are cut into lumber, the vendor can nevertheless levy on the lumber for the purchase-price of the standing tree.

The judge erred in dismissing the levy on the ground that the affidavit on which it was based did not contain a sufficient description of the property.

*Judgment reversed.*