### 4728. AVERY & CO. *v.* POPE.

RUSSELL, J. 1. The court erred in dismissing the attachment.

(*a*) In an affidavit made to obtain an attachment for purchase-money the statement that the defendant "is indebted" is equivalent to the word "due," employed in the statute (Civil Code, § 5085).

(*b*) The property sought to be attached was sufficiently described to enable the levying officer to identify it for the purpose of seizure. Furthermore, the defendant was precluded by the admissions of his answer from denying that the property was subject to the attachment; and the demurrer should have been filed at the appearance term, and came too late.

(*c*) In the mode of procedure to be followed, attachments for purchase-money do not differ from attachments based upon other grounds enumerated in section 5055 of the Civil Code.     *Judgment reversed.*

DECIDED OCTOBER 31, 1913.

Attachment; from city court of Leesburg—Judge Long. January 23, 1913.

The defendant moved to dismiss the attachment, basing the motion on the ground that the attachment affidavit did not allege that the debt was due, and upon the further ground that it did not contain "an accurate and specific description" of the property. The defendant demurred to paragraph 5 of the plaintiffs' petition, in which paragraph the suing out and levy of the attachment were alleged, and the property described in the terms of the affidavit; and he demurred to so much of the prayer of the petition as asked for a sale of the property levied on. The court sustained the motion to dismiss the attachment, and sustained the demurrer to the petition. The case proceeded to trial, and a general verdict was rendered for the principal sum alleged to be due, with interest; and judgment was entered accordingly. The plaintiffs excepted, assigning as error the rulings stated.

The affidavit on which the attachment was based states that R. F. Pope "is indebted to the said Avery & Co. in the sum of two hundred and six and 58/100 dollars, and that the said debt is for the purchase-money of one # 3 second-hand Farquhar sawmill

# 5265, with 24 ft. carriage, 75 ft. ways, 3 head blocks and other fittings; one 50 in. 8x9 gauge # 3 Hoe inserted tooth saw with 36 teeth; one 40" cut-off saw and mandrel; one belt; and that said R. F. Pope is in possession of part of said described property." The allegations of the plaintiffs' petition were admitted in the answer, except as to the amount of the indebtedness.

*J. B. Hoyl,* for plaintiffs.

*R. R. Forrest, Hollis Fort,* for defendant.