## 23577. COCHRAN FURNITURE COMPANY *v.* CORBETT.

DECIDED SEPTEMBER 25, 1934.

*Claud Brackett, A. J. Hall,* for plaintiff in error.
*Lawton Nalley,* contra.

MacINTYRE, J. Mrs. Corbett brought her action in the municipal court of Atlanta against the Cochran Furniture Company to recover the value of certain furniture stored by plaintiff with defendant, in the amount of $1560, which it was alleged the defendant failed to return upon demand or to pay therefor. Defendant in its plea admitted the storage of the goods with it and alleged that it held the title to a named portion thereof by reason of a conditional-sale contract; that it sued out a purchase-money attachment in the municipal court of Atlanta, and that the attachment was levied

upon a portion of the goods, and that they were on the 26th day of May, 1930, sold at public outcry by the marshal of the municipal court. It further claimed a balance due for the purchase of the furniture and also storage charges, and prayed for a judgment for that amount. The trial judge, sitting without a jury, rendered a verdict in favor of the plaintiff in the sum of $300. The plaintiff in error contends that the judge erred in his judgment in holding the sale under the attachment proceedings void and of no effect and in ruling out the record of the attachment proceedings.

■ Under the Civil Code (1910), § 5084, "Process may issue in behalf of any creditor whose debt is created by the purchase of property, upon such debt becoming due, when the debtor creating such debt is in possession of some of the property for the purchase of which the debt was created, . . or where said property is in possession of anyone holding the same for the benefit of said debtor." It is necessary, under this section, in order for an attachment to issue, to aver in the affidavit, as provided in § 5085, that the debt is due (*Avery* v. *Pope*, 13 *Ga. App.* 743, 79 S. E. 946), to set out a sufficient description of the property to be attached (*Collins* v. *Miller*, 6 *Ga. App.* 744, 65 S. E. 783; *Waxelbaum* v. *Paschal*, 64 *Ga.* 275; *Mayer* v. *Brooks*, 74 *Ga.* 526; *Graham* v. *West*, 126 *Ga.* 624, 55 S. E. 931, and to aver positively on which ground the attachment is sought (*Brafman* v. *Asher*, 78 *Ga.* 32; *Joseph* v. *Slein*, 52 *Ga.* 332; *Mayer* v. *Brooks*, supra; *Brown* v. *Massman*, 71 *Ga.* 859; *Neal* v. *Gordon*, 60 *Ga.* 113), whether upon one or all of the grounds (*Brafman* v. *Asher*, supra; *Kennon* v. *Evans*, 36 *Ga.* 89), although it must not be in the alternative as to which ground. *Brafman* v. *Asher*, supra.

Defendant in error contends in the argument before this court that the action of the trial judge of excluding the record of the attachment proceedings and holding that the sale made thereunder was void was correct, for the reason that the affidavit upon which the attachment was sought did not sufficiently state the ground upon which it was sought. The affidavit, as it appears in the record, after stating the amount of the account, and after setting out a description of the property, the sale of which created the debt, alleged: "that the said debt is due and that the said Mrs. W. M. Corbett is in constructive possession of said property, but that the same is stored with plaintiff at the request of defendant."

Without deciding the question of whether or not the allegation of constructive possession is sufficient as to the ground of attachment that the defendant is in possession of the property, it certainly is a sufficient allegation to show that the property was in possession of another (the plaintiff in that case and defendant here) for the benefit of the defendant, which is, under the Civil Code, § 5084, itself a good and valid ground for the issuance of a purchase-money attachment.

The defendant in error next contends, in support of the correctness of the ruling of the trial judge, that the levy and sale of the property under the attachment was void and of no effect, for the reason that no declaration was filed by the plaintiff (defendant here) as required by law. The present suit is not governed by the practice prevailing in justice's courts, and the rule that no declaration in attachment need be filed in attachments returnable to a justice's court (*Smith* v. *Wilson, 58 Ga.* 322) is not applicable. The Civil Code (1910), § 5102, provides that "When the attachment has been returned to the proper court, the subsequent proceedings shall be in all respects the same as in cases where there is personal service; and when the attachment is returnable to the superior or county court, the plaintiff shall file his declaration at the first term." This section is made applicable to suits of the character of the one here under consideration in the municipal court of Atlanta by the act creating the court. No reason can excuse a plaintiff in attachment from filing his declaration in attachment at the first term. "The failure of the plaintiff to file his declaration in attachment at the first term is a very serious defect, so serious, indeed, as to make it impossible to render any valid judgment in the case. The words of the statute are mandatory, 'the plaintiff shall file his declaration at the first term.' Civil Code, § 4556 [1910, § 5102]. As was said by Mr. Justice Hall, in *Banks* v. *Hunt, 70 Ga.* 743: 'An attachment can no more proceed to judgment without a declaration filed on it at the term of the court to which it is returnable than could an ordinary suit unless the declaration had been filed 20 days before the term to which the suit was made returnable.'" See also *Davis* v. *Kingston, 45 Ga. App.* 749 (165 S. E. 865); *Wright* v. *Brown, 7 Ga. App.* 389 (66 S. E. 1034), and cit. An attachment without a declaration is void and may be attacked anywhere. *Calloway* v. *Maxwell, 123 Ga.* 208.

The defendant contends that the affidavit itself was sufficient as a declaration. Undoubtedly it is true that ordinarily the affidavit does not contain sufficient allegations to dispense with the necessity of filing of a declaration at the first term. *West* v. *Gainesville National Bank,* 32 *Ga. App.* 703 (124 S. E. 733). However, the defendant refers us to a rule of the municipal court of Atlanta, adopted by the judges thereof in accordance with the power given them by the act creating the municipal court of Atlanta, to prescribe rules of procedure for that court, not in conflict with the laws of this State, and referred to in *Mosely* v. *King Hardware Co.,* 19 *Ga. App.* 550 (2) (91 S. E. 943), which reads as follows: "The law relating to declarations in attachment shall be deemed to have been complied with when the plaintiff shall have filed with the clerk of this court, at the first term, an itemized statement of the account, if it be based on an account, or a copy of the note, if based on a note." If the affidavit can be said to comply with this rule, the legality of which is not questioned, it possibly would be necessary to hold that the levy and sale made under the attachment was not void and invalid for the lack of a declaration. If the attachment was based on the retention-of-title note, as set out in the defendant's answer to the present suit, the affidavit certainly does not comply with the above rule, for the note is not attached or set out. If the suit was one upon account, it was necessary to attach or set out an *itemized* statement of the account. It is apparent that no attempt was made to comply with the rule in this respect. As already pointed out in the opinion, it is necessary, in an affidavit to obtain a purchase-money attachment, to sufficiently describe the property against which it is issued, in order that the levying officer may know upon what property to levy. In the affidavit there are set out in one paragraph many different articles of furniture, the sale of which, it is alleged, created the debt. This was a necessary allegation of the affidavit itself. However, it could not be considered as an *itemized* statement of the account, within the meaning of the rule quoted above. The trial judge has so construed the rule. The construction placed by a court upon one of its rules is usually conclusive, and unless it is plainly shown that such construction is manifestly wrong and that an injustice has been done, it will not be interfered with by an appellate court. *Roberts* v. *Kuhrt,* 119 *Ga.* 704 (46 S. E. 856). The affidavit, therefore, was

not sufficient as a declaration, so as to dispense with the filing of one or something equivalent thereto under the rule, at the first term. It follows that the attachment proceedings were of no effect, and that a levy and sale made thereunder were void and of no effect. The evidence for the plaintiff amply supported the verdict rendered by the trial judge, and he did not err for any reason assigned in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*