MARY E. KING, plaintiff in error, *vs.* JAMES A. THOMPSON, defendant in error.

1. After a jury has been charged, and has been in the jury room all night considering the case, a witness cannot be recalled to testify again, or to state or explain the testimony already given, without the consent of all parties.

2. If recalled for any purpose, the party against whom the witness was called should be allowed the right of cross-examination.

3. A director and stockholder in a bank is not competent to act as a judicial officer in the proceedings necessary to obtain an attachment in a case in which the bank is interested.

4. Whether or not a married woman who signs a note with her husband, is responsible out of her separate estate therefor, turns upon the question whether she signed to raise money on her own account, or as surety, or to assume a debt of her husband. If the note was given in regard to her own business conducted by her husband for her, she is bound; if as surety for him in his business, or to pay his debts, her separate estate is not bound.

5. A declaration in attachment will be construed in connection with the attachment papers when it refers distinctly to those papers, and such declaration will be held sufficient if the debt be distinctly declared upon, and the attachment papers be described as pending in the court and returnable to a certain term thereof, though no special prayer for judgment be in the declaration.

Practice in the Superior Court. Corporations. Stockholders. Husband and wife. Attachments. Before Judge HARRIS. Pulaski Superior Court. May Term, 1877.

Thompson sued out an attachment against Mary E. King and Clifford A. King. He also filed a declaration. This, after stating the debt, alleged the suing out, pendency, and return of an attachment for the same cause of action, and closed without any prayer.

Defendant, Mary E. King, pleaded as follows:

1st. The pendency of a former attachment for the same cause.

2d. That the note, on which the action was founded, was not the property of Thompson, but of the Hawkinsville Bank and Trust Company; that Thompson was a director in that bank, and had notice of all the facts pleaded.

3d. That the county judge who attested the affidavit, received the bond, and issued the attachment, was, at the time, a director and stockholder in said bank.

4th. That the note was signed by Mrs. King, not for her own debt, but as an assumption of the debt of her husband.

The evidence was, in brief, as follows:

The note, for $1,557.95, signed by defendants, and indorsed by Lamar & King, (of which firm C. A. King was a member,) was discounted by that firm at the bank, the money passed to their credit and drawn by them. After it became due, it was transferred to plaintiff, who was a director. He had another claim against Mrs. King, which he considered secure; he agreed to take the note and pro-rate with the bank the collection made; up to the present time, the bank has received nothing. This transfer occurred before the commencement of this suit. A former attachment had been

sued out, but dismissed. The county judge, before whom the proceedings were begun, was a director and stockholder in the bank. M. E. King is the wife of C. A. King.

The jury found for the plaintiff. Mrs. King moved for a new trial, on the following, among other grounds:

1st. Because the verdict is contrary to law, evidence, and the weight of the evidence.

2d. Because the court overruled a demurrer of defendant to the declaration, on the ground that it contained no prayer.

3d. Because the verdict is contrary to the charge of the court, that if the note was signed by Mrs. King, for the purpose of having the same discounted for the benefit of her husband or his firm, her estate would not be liable thereon.

4th. Because, after the jury had been considering the case all night, the judge allowed a witness, about whose testimony they differed, to answer certain questions put to him by the foreman, but refused to allow a cross-examination, or admit rebutting evidence.

The motion was overruled, and defendant excepted.

LANIER & ANDERSON, HILL & HARRIS; L. C. RYAN, for plaintiff in error.

OCKINGTON & KIBBEE, for defendant.

JACKSON, Judge.

After the jury had been charged with this case, and had been out all night, the court recalled them and asked them about what they differed; and being answered, about a question of fact in respect to the testimony of a witness, court had that witness recalled, and permitted the jury to ask him "whether the Hawkinsville Bank & Trust Company had any interest in the note sued on?" To which the witness replied, "that it had not a particle." The foreman then asked, "had the bank any interest at the time of suing out this attachment?" To which the witness replied, "that it had none whatever." This was all done over defendant's

objection. Defendant, now plaintiff in error, then proposed to cross-examine the witness, which was refused; and then to introduce other evidence on the point of interest in the bank, which was also refused.

This course pursued by the presiding judge, is assigned for error.

1. We think that the court erred. It would be a most dangerous practice, after argument had closed, and the charge on the law of the case, as applicable to the facts proven, had been given, to permit a witness to add to, or vary, or explain, or repeat, his testimony.

In this case, the court certifies that it only intended to elicit from the witness what he had testified before; but certainly, the questions propounded by the jury were not confined to that. If they had been, it would have been error, in our judgment; but the questions here asked were as to a fact, without regard at all to what the witness had before sworn, and the answers were substantive and distinct facts, without respect to the prior testimony of the witness, which was clear and manifest error.

2. After this had been allowed, the defendant below was not permitted to cross-examine at all, which was a still greater error and injustice to her, as we think.

But the error was in recalling the witness at all, after the jury had gone out with the case. We know of no practice or authority in our courts for it, and we are unwilling to open the door to such perjury as might result from it. Before the jury are charged with the case, and retire to consider it, the witness may be re-called, as in 19 *Ga.*, 220, but afterwards he ought not, after he has got a clue to what is needed, be allowed to amend what he has sworn. Of course, this is meant as no insinuation or intimation as to the witness in this case, but is mere argument of what might result from the practice.

As to right of cross-examination, see Code, §3864.

It should have been allowed. It was the legal right of the defendant, as this witness *was called against her*, in the

language of section 3864 of the Code, thoroughly to sift him as to what he had sworn.

3. But did this hurt the defendant? We think it did. If the bank was interested, the bank director, also a stockholder, and interested deeply in the bank, was not competent to sit on the proceedings to take out the attachment. The solvency of the securities and the sufficiency of the bond had to be passed upon by him, and yet he was judge of the county court, and acted in issuing the attachment in a case in which he was interested, *if the bank had an interest;* and the pleadings made the issue, and that issue was on trial, that the bank director, being a stockholder, acted as a judicial officer in passing upon these questions. This was illegal. See Code, §205; 37 *Ga.*, 678.

It is true that we have held that a person interested may do a mere ministerial act, as taking an affidavit in a distress warrant for rent, where no judgment as to the conditions precedent to the issue of the warrant were called into requisition (see *Thornton vs. Wilson,* 55 *Ga.*, 607); but this is a different matter, requiring the exercise of judgment and discretion in taking the bond, etc., etc.

4. Whether or not this lady's separate estate was bound for this debt will depend, we think, upon whether or not the note was to get money for a venture of her own, or whether she signed as surety for her husband in his business, or to pay his debts. If either of the latter considerations induced her to sign it, her separate estate is not liable. Code, §1783. And this does not conflict with the views of this court in 51 *Ga.*, 293, where, on an application for an injunction, this lady's estate and rights and liabilities were in question. The note, with her signature alone to it, or even with her husband, may be *prima facie* evidence that she wished the money for herself, but it could be rebutted by all the facts of the case appearing on the note, or otherwise.

5. The declaration in attachment we think sufficient. It might have been better to pray judgment in attachment in the declaration, as intimated in *Mehring vs. Charles,* 58th

*Ga. R.*, 377 ; but in that case there was no averment that any attachment had ever been sued out, and no reference to it at all. In this case, the averment is distinct that the declaration is predicated on the attachment, that the attachment is returnable to a certain term of the court and pending therein. It is sufficient, when construed in connection with the attachment described therein, and we affirm the ruling which so held it.

The judgment, however, overruling the motion for a new trial is reversed on the ground that the court erred in recalling and re-examining the witness, under the circumstances disclosed in the record.

Judgment reversed.