CASEY & HEDGES MANUFACTURING CO. v. DALTON ICE CO.

94  407
f127  674

1. A declaration which alleges a contract between the plaintiff and defendant, by which the latter agreed to furnish to the former by a certain day one boiler complete, and a failure and refusal to deliver it whereby the plaintiff was damaged, sets forth a cause of action.
2. A special demurrer which complains that the declaration "states no item of damage," is not good to a declaration which does state an item of damage but only needs further certainty and particularity. The demurrer should have pointed out this defect instead of complaining that no item of .damage was stated.
3. The amendment to the declaration, properly construed, does not set up a new and distinct cause of action. While a declaration in attachment is amendable after the first term, damages cannot properly be laid either in the original or amended declaration at more than the amount claimed in the attachment.

March 19, 1894. Argued at the last term.          Judgment affirmed.

Action for damages. Before Judge MILNER. Whitfield superior court. April term, 1893.

The Dalton Ice Company sued out an attachment against the Casey & Hedges Manufacturing Company, and filed its declaration laying damages at $250. Defendant demurred on the grounds, that the declaration set forth no cause of action, and stated no item of damage. The declaration was amended, and the defendant demurred to the amendment on the grounds, that it set up a new and distinct cause of action and showed no cause of action or right to damages, and stated no item of damage, and was not filed at the first term. The demurrers were overruled. The declaration alleged, that

in 1891 defendant contracted to furnish plaintiff certain machinery, to wit one boiler complete; that relying upon the same, they made said contract, the machinery to be delivered to them by the 8th of May, without which plaintiff could not operate its other machinery used in manufacturing ice for some of plaintiff's customers, of which defendant had full notice; that defendant did not deliver said machinery as it had engaged to do, but failed and refused to deliver it or any part of it; and that by reason of this failure and refusal plaintiff was unable to operate its machinery or to manufacture ice, and had to go to other parties and purchase the same and pay much more therefor. By reason of which it has been damaged $250. The amendment alleged, that defendant from time to time, after the boiler was to be delivered, kept promising to deliver it and requesting plaintiff to wait, and at such requests plaintiff did wait until July, 1891, when defendant refused to deliver the machinery; and that during said delay the reasonable profits arising from the running of plaintiff's machinery used in making ice would have amounted to $500, at which sum plaintiff fixes its damages for defendant's failure. It was conceded that the words "of which defendant had full notice" in the original declaration were interlined by plaintiff's counsel at the time when the amendment was written and dated.

JOHN W. AKIN, for plaintiff in error.
R. J. & J. McCAMY, *contra*.