## BRACKETT & CO. *v.* AMERICUS GROCERY CO.

1. The pleading act of 1893 (Civil Code, § 4961), which requires that petitions shall set forth the cause of action in orderly and distinct paragraphs numbered consecutively, is inapplicable to declarations in attachment.

2. The declaration was not open to demurrer on the ground that the contract of sale and its breach were not alleged with sufficient certainty.

3. Damages can not properly be laid in the declaration at more than the amount claimed in the attachment. But where the amount claimed in the declaration is the same as that complained of in the attachment, the· declaration is not rendered bad because the various items may aggregate· a sum in excess of the amount claimed, where no question of jurisdiction because of this fact is involved.

4. Where a sale of "Texas red rust-proof oats" was made through a broker, in a suit by the purchaser against the seller for damages alleged to have resulted from the delivery of oats of a different kind, it is competent for the broker to testify that the contract of sale was made with reference to the mutual understanding of the purchaser and broker that "Texas red rust-proof oats" included only oats raised in the State of· Texas, and that no contrary understanding of this trade term was known to the trade.

5. The letter written by the·witness had no relevancy to discredit him, and was properly repelled on the ground of immateriality.

6. The allowance of immaterial evidence, not prejudicial in its character to· the complaining party, affords no reason for the grant of a new trial.

7. The measure of damages as given by the judge in his charge was in accord with the rule laid down in this case when it was before this court· on a former occasion (119 *Ga.* 489). The excerpts from the charge complained of state sound propositions of law, and as their supposed vice· is not pointed out, no ground of error is alleged.

Submitted July 18, 1906.—Decided February 16, 1907.

Attachment.    Before Judge Crisp.    City court of Americus.· August 24, 1905.

The Americus Grocery Company sued out an attachment against Brackett & Company. The material allegations of the declara-

tion in attachment are stated in the following opinion. On the first trial the defendants, at the conclusion of the plaintiff's evidence, moved to dismiss the case, on grounds stated in their demurrer, and because the plaintiff was not entitled to recover under the evidence. The judge dismissed the case, and the Supreme Court reversed that judgment (119 *Ga.* 489). • When the case again came on for trial the defendants invoked a decision on their demurrer to the declaration. The demurrer was overruled. The trial resulted in a verdict for the plaintiff, for $360. The defendants excepted to the overruling of the demurrer, and to the refusal to grant a new trial. The grounds of the demurrer were: (1) no cause of action is plainly and distinctly set forth in orderly paragraphs; (2) the contract sued on is not attached to or incorporated in the petition; (3) the allegations as to the sale and delivery of the oats are too vague, uncertain, and indefinite to show a right to recover; and (4) the amount claimed in the petition is $1,121.50, while the amount sworn to in the affidavit for attachment is but $1,100.

*E. A. Hawkins,* for plaintiffs in error.

*Shipp & Sheppard,* contra.

EVANS, J. 1-3. The declaration in attachment was not subject to demurrer on any of the grounds therein alleged. It was very recently decided that the Civil Code, §4961, which requires that the petition shall set forth a cause of action in orderly and distinct paragraphs numbered consecutively, did not apply to declarations in attachment. *Fincher* v. *Stanley Electric Mfg. Co.,* ante, 362. The declaration, after reciting the suing out of an attachment by the plaintiff against the defendant, its levy, the court to which it was returnable, and the replevy of the property by the defendant, sets out the cause of action as follows: "Petitioner shows that the indebtedness arose as follows: About the month of July, 1902, petitioner bought of W. O. Brackett & Company ten thousand bushels of Texas rust-proof oats, to be delivered in Americus, Ga., at 47½ cents per bushel; and of this, four thousand bushels of oats were delivered on September 8th, 1902, 1045 bushels on September 19th, 900 bushels on October 3d, 795 bushels October 4th, 1300 bushels October 7th,—93230 [?] bushels, but instead of these oats being the Texas rust-proof, they were Oklahoma or Indian Territory oats. Petitioner did not know of this

fact when the oats were paid for, nor could this fact have been discovered by the use of reasonable diligence, and the facts have only been learned since the payment. Petitioner shows that the market value of the oats delivered to petitioner was from ten to fifteen cents per bushel less than the oats really bought, and by reason of these facts said W. O. Brackett & Co. have injured and damaged your petitioner in the sum of eleven hundred and twenty-one and 50/100 dollars." The contract of sale and its breach are alleged with sufficient certainty. The declaration in attachment begins with the assertion that defendants "are indebted to petitioner in the sum of one thousand dollars, as will more fully appear hereinafter." The amount claimed in the affidavit for attachment was one thousand dollars,—the same as that contained in the declaration. Nor did the mere fact that the aggregate of the particular items of damage specified elsewhere in the declaration exceeded one thousand dollars render the declaration bad as claiming more than the amount sworn to in the attachment affidavit. *Casey & Hedges Mfg. Co.* v. *Dalton Ice Co., 94 Ga.* 407.

4. The oats were sold to the plaintiff by the defendants through their broker. All negotiations had with the broker by the plaintiff were verbal, but the offer to sell which the defendants authorized their broker to make was contained in telegrams passing between their broker and themselves. As a witness for the plaintiff the broker was permitted to testify: "The understanding between me and the plaintiff of the meaning of the term, Texas red rust-proof seed oats, was Texas-raised oats; that did not include oats raised in Oklahoma. There is no such understanding known to the trade, that I ever heard of, that the term Texas red rust-proof seed oats should cover the Oklahoma." The testimony was objected to as "illegal and not binding on defendants, and because the sale was in writing." A broker is a special agent and derives his power and authority to bind his principal from instructions given him by the latter. *Clark* v. *Cumming, 77 Ga.* 64. He can not exceed his powers in his effort to bind his principal. The testimony which was allowed does not have the effect of either enlarging the powers of the special agent, or of proving a written contract by parol. There was no dispute that the contract of sale comprehended "Texas red rust-proof seed oats." It was competent for the plaintiff to show that oats of this variety have a

technical trade meaning; that the contract between it and the defendants' broker was made with reference to their understanding of the meaning that "Texas red rust-proof oats" included only Texas raised oats, and that no contrary understanding of this trade term was known to the trade. There was no error in allowing this testimony.

5. Complaint is made that the court erred in repelling from the evidence this letter from D. M. Borum to defendants: "Your wire this date received. Your case will be tried during the city-court term which begins first Monday in May. I have had a talk with the Americus Grocery Co. attorneys, and believe the matter can be arbitrated, which will be the cheapest for you, provided you think there is any merit in the claim of the Americus Grocery Co. I think their claim very unjust, but do not know what evidence they are going to produce when the trial comes off, as they claim to have all they want, so they say. If you wish to arbitrate, if you desire, will act as your representative in the matter and will try to get the best man on our side that can be had. Will be pleased to hear from you." In offering this letter counsel for defendant insisted that it was admissible as contradicting the witness Borum, who testified for plaintiff. The only possible theory upon which it could have been admitted was that it amounted to a contradictory statement made out of court, relative to the testimony of the witness and the case on trial. As the letter did not relate to a matter material to the issue, it was properly repelled.

6. Error is alleged in admitting, over objection that it was a copy and not called for by notice to produce, a letter from the plaintiff to the defendant, dated September 18, 1902, as follows: "We wish you would write us a letter in just as few words as possible, telling us that the oats that you are shipping us are strictly first-class Texas oats guaranteed, as there are so many oats being offered from the Oklahoma and Indian Territories at so much cheaper prices we want to have your letter printed and sent out in our envelopes with bills. We will appreciate it very much, as it is the only way to come out whole on our contract." Inasmuch as it was admitted by the defendants that the oats actually delivered were not grown in the State of Texas, it would seem that the testimony was immaterial, and not of such a prejudicial character as would afford a reason for the grant of a new trial.

7. Complaint is made of a certain charge on the measure of damages, and also of the refusal of the court to give certain instructions requested on this subject. The charge as given was in exact compliance with the rule laid down when this case was before the court on a former occasion. 119 *Ga.* 489. The trial judge was in duty bound to give this rule as the measure of damages, and if there was any possible conflict between the rule as given and the request to charge, the request was properly refused. If there is no substantial difference between the two, the defendant was not hurt. No specific error is pointed out in the excerpts from the charge made the 14th and 15th grounds of the motion for a new trial. As they contain correct propositions of law, and as the supposed vice is not indicated in the assignment of error, no question is presented for adjudication. The assignments of error other than those dealt with above are covered by the rulings in this case when it was here before. The evidence was sufficient to support the verdict, and no error of law appearing, the judgment is

*Affirmed. All the Justices concur, except Fish, C. J., absent.*