### 2164. CLECKLEY *v.* RANSOM *et al.*

"The lien of an attachment is created by the levy;" and as between attachments the one first levied takes precedence. This applies to the amount claimed under the original attachment. As to this amount the lien of the attachment is not lost by an amendment to the attachment, lawfully made, subsequent to the levy. If, by amendment, a sum is added to that claimed by the original attachment levied, the lien as to this additional amount will not take precedence of an intervening attachment or intervening lien creditor.

DECIDED MAY 12, 1910. REHEARING DENIED SEPTEMBER 6, 1910.

Garnishment; from city court of Richmond county—Judge Eve. August 6, 1909.

*William K. Miller,* for plaintiff in error.

*William H. Fleming, C. Henry Cohen,* contra.

HILL, C. J. Emily S. Cleckley and Susie H. Ransom each brought separate attachment suits against the Mutual Fidelity Company of Delaware, on the ground of non-residence, these attachments being levied by serving summons of garnishment on the same garnishee; and they were returned to the same term of court. The attachment of Emily S. Cleckley was for $350, and was levied November 7, 1901. That of Susie H. Ransom was for $375, and was levied December 4, 1901. Declarations in attachment were duly filed, and judgments thereon subsequently taken. The questions in the present case arise on the distribution of the fund which the garnishee had paid into the court. The case was heard on an agreed statement as to the facts, and the court awarded precedence to the attachment of Susie H. Ransom; and the correctness of this judgment is challenged by the writ of error sued out by Emily S. Cleckley.

It is admitted that the lien of the judgment dates from the levy of the attachment. Civil Code, §§ 4578, 4524, 4564. And it is also admitted that the attachment of Emily S. Cleckley was levied, by service of summons of garnishment, before that of Susie H.

Ransom.   It is insisted, however, in support of the judgment of the court below, that this prior attachment lien of Emily S. Cleckley had been lost by an amendment which she had made to her declaration before she took judgment; that this amendment rendered void the attachment as against that of Susie H. Ransom, or that of any other intervening lien creditor.   It appears that M. T. Cleckley had sued the insurance company on a cause of action identical in legal import with that of Emily S. Cleckley; and, to meet the judgment of the Supreme Court in that case, Emily S. Cleckley amended her declaration before taking judgment.   In the M. T. Cleckley case the Supreme Court held that as it appeared that the plaintiff had received from the defendant company, in dividends on the contract, more than he had paid the company, before he could ask for a rescission of the contract on the ground of fraud he should have tendered back the amount which he had received in dividends, and, as there was no offer to restore, a nonsuit should be granted as to this branch of the case.   *Cleckley* v. *Mutual Fidelity Company,* 117 *Ga.* 466 (43 S. E. 725).   When the case of Emily S. Cleckley was called for trial on June 8, 1903, the plaintiff, in order to meet this decision of the Supreme Court, amended her declaration by electing to rescind the contract between her and the insurance company, on the ground of fraud, and tendered back to the insurance company on that day $210 which she had received from the company in dividends.   Thereupon the insurance company withdrew its answer and consented that judgment be taken by the plaintiff for the principal sum of $560, being the aggregate amount of the sum which the plaintiff had paid to the insurance company under the contract and the dividends which she had received.   It can not be doubted that the plaintiff had the legal right to amend her declaration in attachment, so as to comply with the decision of the Supreme Court in the other *Cleckley* case. By this amendment she did not change her cause of action, but amplified it and made it a good cause of action, under the ruling of the Supreme Court.   Her original suit was for money had and received for her benefit by the insurance company, and her amendment amplified this cause of action by electing to have a rescission of the entire contract under which the money had been paid to the company; but before she could have a rescission of the contract, she was compelled, under the law, to restore the status quo between

herself and the defendant company; and this she could only do by offering to pay back the amount of dividends which she had received from the company. We think it clear that she had the right to make this amendment. *C. & W. C. Railway Co.* v. *Lyons,* 5 *Ga. App.* 668 (63 S. E. 862); *Dolvin* v. *Hicks,* 4 *Ga. App.* 653 (62 S. E. 95); *Boyce* v. *Day,* 3 *Ga. App.* 276 (59 S. E. 930); *High* v. *Padrosa,* 119 *Ga.* 649 (46 S. E. 859); *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318). If she had the right to make the amendment, it would be illogical to hold that by the exercise of this right she lost her existing right of priority of lien, arising from the priority of the levy of her attachment. We think that she did not lose priority of lien as to the original amount of her suit, which amount is included in the judgment rendered in her behalf. We do not think, however, that she would have a priority of lien as to the amount which she added to her suit by amendment; the lien as to this amount would date only from the date of the judgment. Getting down to the substance of the case, it seems to us that Emily S. Cleckley had only a legal right as against the company to a judgment for the amount of money which she had paid to the company, less the dividends which she had received from the company, and that, therefore, she could not have any lien on the fund paid into court by the garnishee for a greater amount than that for which she was entitled to have a judgment against the company. But the learned judge of the trial court held that the attachment of Susie H. Ransom was entitled to precedence over the attachment of Emily S. Cleckley. He gives no reason for this decision, but, in support of it, it is submitted by counsel for defendant in error that this precedence was lost because of the amendment which had been made to her attachment suit by Emily S. Cleckley. As above stated, we do not concur in this opinion of learned counsel. Under the statute the lien of the attachment dates from the levy of the attachment, for the amount on which the attachment is based. The lien on this amount is not lost because of an amendment which the plaintiff in attachment has a right to make, but would remain as a valid existing lien on the amount of the attachment as originally sued out. This lien would not attach in favor of any increase added to the amount of the attachment by amendment, as against intervening attachments or intervening creditors.                    *Judgment reversed.*