*W. A. Charters* and *H. H. Perry,* for plaintiff in error.

*A. J. Griffin* and *Cobb & Erwin,* contra.

---

## CONDON, GRAHAM & MILNER *v.* DEHART.

PER CURIAM.  1. Where an attachment was issued, levied, and returned to the superior court, and in proper time a declaration in attachment was filed, which was headed with the name of the case and commenced with the allegation that the plaintiff showed to the court that the attachment had been issued and levied, it was amendable by adding an address to the superior court.

2. The declaration in attachment was not subject to any of the grounds of demurrer urged against it.

(a) The first ground of the demurrer was not referred to in the brief of the plaintiffs in error, and will be treated as abandoned.

3. A bill of exceptions pendente lite, which alleged that an amendment

to the petition was offered and was allowed over objection of the defendant, without showing any ground of objection made to it, does not sufficiently present any .question for decision by this court.

4. Some of the grounds of the motion for a new trial complained of the failure or omission to charge certain principles of law, without showing that any proper written requests for such charges were made. In other instances complaints were made that certain requested instructions were not given. None of these assignments of error were meritorious when considered in connection with the entire charge of the court, which covered the issues involved, and substantially covered the requests to charge in so far as they stated pertinent principles of law applicable to the case.

5. The evidence was sufficient to support the verdict, and there was no error either in refusing to grant a nonsuit or in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
FEBRUARY 12, 1915.

Attachment. Before Judge Jones. Habersham superior court. November 10, 1913.

*McMillan & Erwin,* for plaintiffs in error.

*R. D. Sisk, G. B. Rush,* and *J. C. Edwards & Sons,* contra.