## 8017. MOSELY *v.* KING HARDWARE COMPANY.

WADE, C. J. 1. There was no abuse of discretion on the part of the trial judge in denying the motion to set aside the judgment and reinstate the case, on the ground that the judgment was rendered in the absence of the defendant and her attorney. The evidence was amply sufficient to support a finding that the defendant was lacking in diligence.

2. The objection that no declaration in attachment was filed is without merit. There was attached to the original attachment in this case a complete itemized statement of the account sued upon, as well as a copy of the contract of sale covering the various items enumerated. The trial judge not only directed the attention of movant's counsel to this fact at the time of the trial, but also referred him to the following rule of the municipal court of Atlanta: "The law relating to declarations in attachment shall be deemed to have been complied with when the plaintiff in attachment shall have filed with the clerk of this court, at the first term, an itemized statement of the account, if it be based on an account, or a copy of the note, if based on a note, or a written statement of an action for damages, if based on a claim for damages."

3. The attachment was made returnable to the May "A" term of the municipal court, and the defendant was notified that it was the intention of plaintiff to ask for a general judgment, and the record shows that service was effected within the proper time, and the defendant filed an answer and a counterclaim before that term, without raising any objection as to the term to which the attachment was made returnable. *Held,* that the defendant was estopped from attacking the judgment on the ground that the case was improperly made returnable to that term.

4. Other grounds of the motion to set aside the judgment are either without any substantial merit or are not argued in the brief of counsel for the plaintiff in error. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. George and Luke, JJ., concur.*
DECIDED MARCH 20, 1917.

Certiorari; from Fulton superior court—Judge Bell. October 6, 1916.

*Lowndes Calhoun,* for plaintiff in error.
*Anderson, Slate & D'Orr,* contra.