BUTTRILL *v.* TAYLOR *et al.,* receivers.

PER CURIAM. Taylor et al., receivers of the Exchange Bank of Macon, brought suit against a large number of the stockholders of the bank, to recover their ratable proportion of an amount which it is alleged will remain due to the depositors of the bank after the distribution of all other assets. The number of outstanding shares of stock in the bank is alleged to have been 5,000, and the amount assessed or taxed against each share of stock is alleged to be $29.36, with interest. The petition alleges that the total value of the "undisturbed" [undistributed] assets remaining for distribution to all creditors pro rata is the sum of $13,273.20, which will be sufficient to pay an additional dividend of 2 per cent., making a total of 87 per cent. upon the principal of all claims against the bank and upon the certificates of deposit. It alleges that the total sum due to depositors of all kinds is $146,832.60. It recites the filing of the original or parent suit against the Exchange Bank, under which the receivers were appointed; sets out that it is filed as "auxiliary to the main case;" recites that, "to prevent a multiplicity of suits, petitioners present this their petition in equity against the stockholders above named, relief under the strict rules of common law being inadequate and incomplete;" and prays for a judgment and decree against the stockholders named therein, according to their several liabilities under the terms of the charter of the bank, for such sums as may be ascertained upon the final accounting to be necessary to pay in full the depositors of the bank, as set forth therein, and for process and for general relief. The charter of the bank provides that the shareholdiers shall be "individually liable, equally and ratably, and not one for another, as sureties, to depositors of said corporation." The defendant Buttrill (plaintiff in error) is a resident of Butts county, and not of Bibb county wherein the suit was filed. One of the grounds of demurrer, the overruling of which is assigned as error, is as follows: "Because this defendant was not sued as a defendant originally in this suit, and was not named as a defendant until the filing of the amendment dated January 11, 1916; and this being a suit at law, no new parties can be added by amendment. Nor can this defendant, because if his being a non-resident of Bibb county, be added as a new party defendant by said amendment." *Held:*

1. This being a cause in equity, brought by the receivers of a bank to recover a money judgment against the holder of each share of stock on the liability imposed by the charter of the bank, and the amount of recovery against each shareholder being dependent upon a final accounting, the court did not err in overruling a demurrer to the petition, based on the ground that the suit was an action at law and that no new party could be added by amendment. GILBERT, J., dissents for the reasons stated in *Taylor* v. *Lamar,* ante, 662 (97 S. E. 858).

2. The other assignments of error, not being referred to in the brief of the plaintiff in error, are treated as abandoned. *Condon* v. *Dehart,* 143 *Ga.* 185 (2 *a*) (84 S. E. 540).

*Judgment affirmed. All the Justices concur, except Gilbert, J., dissenting.*

Equitable petition. Before Judge Mathews. Bibb superior court. February 13, 1918.

*Hall & Grice,* for plaintiff in error.

*Miller & Jones* and *Hardeman, Jones, Park & Johnston,* contra.