### 14724.  WEST v. GAINESVILLE NATIONAL BANK.

1. Under the answer of the Supreme Court to what this court regarded as the main and controlling question in this case, certified to that court by this court, the bill of exceptions to the grant of a fraudulent debtor's attachment, and the obtaining of a supersedeas therein, did not operate, pending the writ of error, to suspend the duty which rested on the movant to file its declaration in attachment at the first term, as required by the statute. 158 *Ga.* 640 (123 S. E. 870); Civil Code (1910), §§ 5102, 5092; *Daniel* v. *Hochstadter,* 73 *Ga.* 144 (2).

2. The petition for the attachment not being filed as a declaration, or subject to construction as such, and the declaration actually filed after the term to which the writ and the levy were returnable being too late, it was error to overrule the defendant's motion to dismiss the attachment.

DECIDED SEPTEMBER 25, 1924.

Attachment; from Hall superior court—Judge J. B. Jones.  May 8, 1923.

*E. D. Kenyon,* for plaintiff in error.

*Edgar Dunlap, Luther Roberts, H. H. Perry,* contra.

JENKINS, P. J.  When the defendant moved to dismiss the attachment, the plaintiff filed a written response in which it was contended: (1) that the taking of the previous bill of exceptions to this court, and the obtaining of supersedeas thereon, suspended the duty of the plaintiff to file its declaration at the first term; and (2) that the original petition for the attachment was in itself a sufficient declaration.  The court passed a general order overruling the motion to dismiss.  If either contention of the plaintiff be sound, the judgment should be affirmed.  As the first contention (referred to in the first headnote) must, under the answer of the Supreme Court, be determined adversely to the plaintiff, it remains only to consider the second.

The original sworn petition for attachment was not addressed to the superior court, as the law provides for petitions (Civil Code of 1910, § 5538), but to the judge, as required by the statute governing the issuance of fraudulent debtors' attachment (Civil Code, §§ 5088, 5056), and, while appropriately setting forth the grounds for the issuance of the writ, and the debt claimed to be due, it contained no prayer for any judgment, but a prayer merely for the issuance of an attachment against the defendant's property generally.  It did, however, in describing the indebtedness due upon promissory notes, and in attaching copies of the notes to the

petition, to that extent contain averments appropriate to a declaration. There was necessarily, however, no reference whatever to any previous issuance of the writ or to a previous levy thereunder, nor could it contain a description of any property which had been levied upon. Manifestly the plaintiff did not intend the petition as a declaration when it was filed on April 30, 1921, or for some time subsequently, for on November 5, 1921, after the first term, but too late, it filed a declaration in due form with appropriate prayers. It now insists, however, that inasmuch as the original petition was sufficient, the latter pleading was unnecessary. Without actually offering an amendment, its response to the motion states: "It may be that an amendment asking for judgment against the property attached would be proper, which amendment is now offered, though the absence of such prayer may be unnecessary or would be cured, the rule being that any amendable defect is cured by verdict and judgment." Section 5102 of the Civil Code (1910) provides: "When the attachment has been returned to the proper court, the subsequent proceedings shall be in all respects the same as in cases where there is personal service; and when the attachment is returnable to the superior or county court, the plaintiff shall file his declaration at the first term." It has been many times held that a declaration filed after the expiration of the first term comes too late. *Russell* v. *Faulkner,* 89 *Ga.* 818 (1, 3) (15 S. E. 756); *Callaway* v. *Maxwell,* 123 *Ga.* 208 (2) (51 S. E. 320); *Willard* v. *Stone,* 22 *Ga. App.* 335 (95 S. E. 994); *Wright* v. *Brown,* 7 *Ga. App.* 389 (66 S. E. 1034). We have given diligent consideration to this remaining contention of the defendant in error, in order to see if it were not possible to dispense with the filing of the prescribed declaration in attachment at the first term, by construing the original sworn petition for the issuance of the writ as in itself sufficient to meet the requirement of law governing the subsequent filing of a declaration at the first term.

Section 5110 of the Code (1910) declares: "The plaintiff in attachment shall have the right to amend his attachment, or bond, or declaration, as in other cases at common law . . and the court before which the attachment shall be returned shall have power to order said amendments." As was said by this court in *Hensley* v. *Minehan,* 29 *Ga. App.* 251 (3) (114 S. E. 647). "The statutory provisions for the amendment of attachment affidavits

and proceedings, as embodied in sections 5706 and 5110 of the Civil Code, are remedial in nature, and therefore to be liberally construed and applied." "A defective prayer or a failure to show the jurisdiction of the court are amendable defects." *Smith* v. *Jacksonville Oil Mill Co.,* 21 *Ga. App.* 679 (4) (94 S. E. 900). "The omission to give the court jurisdiction in the pleadings . . is amendable (Civil Code, 1910, § 5691), where the actual facts existing at the time the attachment was issued make the case one within the jurisdiction of the court." *Sloan* v. *Smith,* 29 *Ga. App.* 591 (2) (116 S. E. 200). See also *Mitchell* v. *Perry,* 145 *Ga.* 233 (2) (88 S. E. 930). A proper amendment to an actual declaration in attachment filed in due time may be made even after the first term (*Casey & Hedges Mfg. Co.* v. *Dalton Ice Co.,* 94 *Ga.* 407 (3), 20 S. E. 333); and when it is so lawfully made, the lien of the attachment is not lost by the amendment. *Cleckley* v. *Ransom,* 8 *Ga. App.* 126 (68 S. E. 840).

But with reference to such amendments, even where the declaration in attachment was in due time filed as such, the rule applicable to common-law petitions, that there must be enough substance to amend by, likewise obtains. It is true that such substance may be very meager, for, as was held in *King* v. *Thompson,* 59 *Ga.* 380, 381 (5), "a declaration in attachment will be construed in connection with the attachment papers when it refers distinctly to those papers, and such declaration will be held sufficient if the debt be distinctly declared upon, and the attachment papers be described as pending in the court and returnable to a certain term thereof, though no special prayer for judgment be in the declaration;" and, as was held in *Kolb* v. *Cheney,* 63 *Ga.* 688, 691, "a declaration in attachment, which describes the defendant as defendant in attachment, sets out the note which is the evidence of debt, and alleges that an attachment has been issued thereon, concluding with a prayer for process, and omitting any further description or reference to the attachment, mentioning no property whatever, is defective in substance, but amendable, even after judgment, by the attachment papers of file in the court, and constituting a part of the record of the cause." As was said in that case by Mr. Justice Bleckley: "Without doubt, the declaration ought to allege the levy, describe the property, and pray for the proper judgment. . . But pleadings are amendable, where there

is anything to amend by, not only in matters of form but in all matters of substance, and this wide latitude enables the superior courts to cure many serious defects, as well after judgment as before." But the actual declaration in attachment, as there filed at the first term, made reference to the previous attachment as well as to the defendant in attachment, and this, as Judge Bleckley said, sufficed as a foundation for amendment: "Referring back to the declaration, it will be seen that the same is not wholly silent as to the attachment. The defendant is described as defendant in attachment, and after a reference to the note, it is alleged that an attachment has issued upon it. To be sure this is a slight foundation for amendment, but we think it is enough, though certainly little enough, to amend by. The pleader's purpose was evidently to connect the declaration with some attachment founded on the note described; and as the record, taken altogether, shows that there was at the time an attachment pending in the court between these parties, based on that note, the allegation may now be made that said attachment was returnable to that court, and was levied upon certain described land, and the prayer of the declaration (which originally had merely prayed for process) may be made to conform." But, as intimated in that case, and as the Supreme Court both previously and subsequently held, some allegation referring to the previous attachment is vital. In *Mehring* v. *Charles,* 58 *Ga.* 377 (1), 378, 379, where the plaintiff had sued out an attachment, and subsequently filed a declaration, "in which he alleged the defendant's indebtedness to him, and prayed that process might issue requiring the defendant to be and appear at the next superior court and answer his complaint," but there was no averment "that *an attachment had been levied on the property of the defendant, and not even the slightest allusion therein to* any process of attachment whatever," it was held, that "*to authorize a judgment in attachment, the declaration must allege that the defendant's property has been attached, and, instead of praying process against defendant, should ask judgment for the sale of the property levied on in satisfaction of plaintiff's demand.*" (Italics ours.)

In *Wilson* v. *Strickler,* 66 *Ga.* 575 (2, 4), 578, which dealt with a motion to set aside a judgment in attachment on the ground that the declaration was insufficient, and with the question of whether the alleged defects were curable by amendment, the court

held: "A declaration in attachment ought to allege a levy on specified property. A declaration which set out that 'the plaintiffs in attachment complain of the said Tinckham, defendant in attachment, who resides out of the State, and who has been attached to answer in an action on promises,' etc., with no further allusion to the attachment proceedings, and no prayer for judgment of any kind, was fatally defective." While the rule there stated appears to be somewhat stricter with reference to the vitally necessary allegations concerning the existence and description of the pending attachment than seems to be required under the ruling in *Kolb* v. *Cheney,* supra, the cases seem uniformly to hold that at least some reference to the previous attachment is requisite for a good or amendable declaration. As was said in *King* v. *Thompson,* supra (59 *Ga.* 384), "it might have been better to pray judgment in attachment in the declaration, as intimated in *Mehring* v. *Charles,* 58 *Ga. R.* 377; but in that case there was no averment that any attachment had ever been sued out, and no reference to it at all. In this case, the averment is distinct that the declaration is predicated on the attachment, that the attachment is returnable to a certain term of the court, and pending therein." Likewise, in the recent case of *Condon* v. *Dehart,* 143 *Ga.* 185 (84 S. E. 540), while it was held that the declaration "was amendable by adding an address to the superior court," the basis of this ruling was that "an attachment was issued, levied, and returned to the superior court, and in proper time a declaration in attachment was filed, which was headed with the name of the case and commenced with the allegation that the plaintiff showed to the court that the attachment had been issued and levied." In *Moseley* v. *King Hardware Co.,* 19 *Ga. App.* 550 (2) (91 S. E. 943), relied upon by the defendant in error, it was held: "The objection that no declaration in attachment was filed is without merit. There was attached to the original attachment in this case a complete itemized statement of the account sued upon, as well as a copy of the contract of sale covering the various items enumerated. The trial judge not only directed the attention of movant's counsel to this fact at the time of trial, but also referred him to the following rule of the municipal court of Atlanta: 'The law relating to declarations in attachment shall be deemed to have been complied with when the plaintiff shall have filed with the clerk of this

court, at the first term, an itemized statement of the account, if it be based on an account, or a copy of the note, if based on a note, or a written statement of an action for damages, if based on a claim for damages.' "

No question as to the legality and applicability of this rule to the attachment, under the special statute creating and the rules of practice of the municipal court of Atlanta, seems to have been raised; and, the record showing a full compliance with the rule, obviously it was unnecessary for the plaintiff to file any further declaration or make any other allegations.   Reference to the record in that case shows also that only the sum of twenty-five dollars was involved in the account, which would have brought the case under justice's court jurisdiction and practice prior to the creation of this municipal court.   (See *Mayer* v. *Brooks*, 74 *Ga.* 526 (2), 528; *Smith* v. *Wilson*, 58 *Ga.* 322 (2), 323; Ga. L. 1913, pp. 163, 164, § 37).

It seems to us clear that the purport and intent of the statute law is that an attachment must be begun by an affidavit (or sworn petition), setting forth the debt claimed and the ground of attachment, and that after the writ has been thus issued, and at or before the term of the court to which the writ is returnable, the movant must follow up his affidavit obtaining the writ, by filing his declaration therein, setting forth the previous issuance of the writ and praying for judgment under and by virtue of the levy thus actually made and returned.   But even were it possible to conceive that the requirements of law as to the filing of the declaration in attachment at the term to which the levy under the affidavit is made returnable could be met by combining the appropriate and necessary allegations in the original affidavit (or petition) for the issuance of the writ, we are forced to the conclusion that the necessary requirements are not met in the instant case by the averments contained in the original petition; and since the Supreme Court has ruled that the taking of a bill of exceptions to the grant of the writ and the supersedeas obtained thereunder did not operate to suspend the duty resting upon the plaintiff to file its declaration at the first term, and since the subsequent filing came too late, the judgment of the superior court, refusing to dismiss the attachment, must be reversed.

*Judgment reversed.   Stephens and Bell, JJ., concur.*