## WATSON v. WORLD OF MIRTH SHOWS, Inc.
### No. 258.

District Court, S. D. Georgia, Augusta Division.
Aug. 5, 1944.

W. Inman Curry and Nathan Jolles, both of Augusta, Ga., for plaintiff.

James S. Bussey and Rodney S. Cohen, both of Augusta, Ga., for defendant.

LOVETT, District Judge.

Plaintiff sued out an attachment in the Superior Court of Richmond County, Georgia, against World of Mirth Shows, Inc., a non-resident corporation, having its principal place of business in New York City.

In his declaration in attachment plaintiff avers that in October, 1942, in Richmond county, Georgia, in connection with the Exchange Club Fair, defendant was operating a series of amusement shows, rides, and concessions to which an admission was charged of the general public; that on October 31, 1942, after he had paid his regular admission plus a further consideration paid to the attendant at defendant's shooting gallery, he attempted to shoot a certain repeating gun which was offered for the public use in connection with the shooting gallery; that when he pulled the trigger to fire the gun an explosion resulted causing a piece of metal to strike his eye, and that the use of the eye was completely destroyed.

Plaintiff alleges further that the gun was in defective condition from excess use and that the defect was not discoverable in the exercise of ordinary care, that defendant was grossly negligent in failing to provide proper equipment and that this negligence was the proximate cause of the injury.

When the writ of attachment was levied defendant obtained release of the property attached by giving the statutory bond.

Defendant demurred to the declaration on the ground that it failed to set out a cause of action. The case was removed to this court, and the demurrer was orally overruled in open court July 25, 1944. Under the Federal Rules of Civil Procedure detailed pleading is seldom required. According to the illustrative form of a Complaint for Negligence, 28 U.S.C.A. following section 723c, Appendix of Forms, Form 9, it is only necessary to allege that defendant acted negligently and as a result the plaintiff was injured.

The point to be decided in this opinion is the validity of the defendant's objections to two proposed amendments to plaintiff's declaration. In the original declaration it was alleged that the defective gun

was a Remington repeating rifle. The first proposed amendment would strike "Remington" and specify the gun as a "Winchester". Defendant's claim that the amendment is objectionable because it constitutes a new cause of action is overruled and this amendment is allowed. The amendment pleads the same wrong originally declared upon—it merely corrects an erroneous description of the instrument causing the wrong. Cf. City of Columbus v. Anglin, 120 Ga. 785, 48 S.E. 318; Simmons v. Beatty, 57 Ga.App. 350, 195 S.E. 289.

The second amendment to the declaration seeks to change the amount of damages stated to have been sustained from $10,000, the amount claimed in the attachment, to $20,000. Defendant's objection that the damages can not properly be laid either in the amended or original declaration at more than the amount claimed in the attachment affidavit and bond is valid, and this amendment is not allowed. Casey & Hedges Mfg. Co. v. Dalton Ice Co., 94 Ga. 407, 20 S.E. 333, and Brackett & Co. v. Americus Grocery Co., 127 Ga. 672, 56 S.E. 762. The language of the statute, Ga.Code 1933, Sec. 8-610, that "the plaintiff in attachment shall have the right to amend his attachment * * * or declaration, as in other cases at common law * * *," appears to have been applied only when formal defects or other technicalities were involved. The cases holding that damages can not be increased have not been disturbed. Where statutory notice of the pendency of the attachment is served personally on the defendant, Ga. Code 1933, § 8-602, the attachment loses its distinctive character, and the suit may proceed, even after dismissal of the attachment itself, as an ordinary action in personam. The same occurs where the attached property has been replevied or where the defendant has entered a personal appearance. It seems that in those cases amendments should be allowed of either the attachment, the declaration or of any part of the pleadings as in an ordinary suit. However, this does not appear to be the law in Georgia for in each of the cases, supra, holding that damages may not be increased a general appearance had been entered. In this case there was a general appearance, but the statutory notice was not given or served.

Let an order be presented.