33383.   SHEEHAN *v.* RUBEN.

Decided February 16, 1951.

338

*Charles Donald Dimmock,* for plaintiff.

*Claud R. Caldwell,* for defendant.

GARDNER, J. The question here for this court to decide is: Did the common-law action filed by the plaintiff in the circumstances above set forth from the record, comply with the requirements of a declaration in attachment? The plaintiff in error says: "Yes." The defendant in error says, "No." Let us endeavor to determine what the law is.

The record does not reveal whether the attachment or the common-law action was filed first. The plaintiff contends that they were filed simultaneously. Attachment proceedings do not grow out of the common law. Such proceedings are statutory. When attachment proceedings are returned to the proper court, as here, the subsequent proceedings are the same as in common-law proceedings where there is personal service. Code § 8-601

provides: "When the attachment has been returned to the proper court, the subsequent proceedings shall be in all respects the same as in cases where there is personal service; and when the attachment is returnable to the superior or county court, the plaintiff shall file his declaration at the first term." The plaintiff contends that formerly attachments were strictly construed but that the courts in more recent cases have construed attachments liberally. Plaintiff cites also in support of this contention, the case of *Kennon & Klink* v. *Evans, Gardner & Co.*, 36 *Ga.* 89. It is further contended by the plaintiff in error that since the petition in the common-law action and the writ of attachment were sued out simultaneously and the defendant was served with notice of both the common-law action and the seizure of his property on the same date, that such was sufficient to comply with the attachment proceedings as to filing a declaration. In this connection counsel cites Code § 8-104, which reads as follows:

"In all cases where the plaintiff has commenced suit for the recovery of a debt, and the defendant, during the pendency of such suit, shall become subject to attachment, the plaintiff may have an attachment against the defendant, and all the proceedings in relation to the same shall be as prescribed in relation to attachments where no suit is pending. A satisfaction of the judgment in the common-law action shall satisfy the judgment in attachment, and a satisfaction of the judgment in attachment shall satisfy the judgment in the common-law action." We find nothing in the Code section just immediately above quoted which would justify the plaintiff in not filing a declaration in attachment at the first term. It seems plain that, under the law, one may pursue a common-law action and a proceeding in attachment for the same debt, at the same time, against the same party. They seem to be considered by the law as separate and distinct remedies which a party may pursue concurrently and the satisfaction of one satisfies the other. The Supreme Court held in *Dollar* v. *Fred W. Amend Co.* 184 *Ga.* 432, 435 (191 S. E. 696) that they were separate and distinct remedies, and should bear different numbers, so it would appear that when the clerk changed the number in the instant case from 5604 to 5653, he was but complying with the law. Counsel

for the plaintiff cites in support of his contention, *Mosely* v. *King Hardware Co.*, 19 *Ga. App.* 550 (91 S. E. 943). The facts of that case distinguish it from the facts of the instant case, as counsel for the plaintiff seems to recognize in his brief. Our attention is called to Code § 3-605, which reads as follows:

"The rule requiring plaintiff to elect shall not apply to a prior attachment against property where the defendant shall be subsequently served personally, nor to an attachment sued out pendente lite; but the judgment in the case against the person shall set out the fact of its identity with the proceedings against the property." The difficulty which the plaintiff encounters under the principles of law contained in this section is that on July 21, 1950, he took a judgment in personam in the common-law action and made no reference whatsoever in that judgment to the attachment proceedings pending at the time he took this judgment. At the time he took this judgment in personam the first term of the court to which the attachment was made returnable had passed. If such proceedings could connect up the common-law action in such a way as to make it suffice as a declaration required to be filed at the first term, such was not done.

Under the facts of this case the trial court did not err in dismissing the attachment on the ground that no declaration was filed on the attachment proceedings at the first term.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*