### STURGEON v. CARTER et al.
### Civ. A. No. 1512.

United States District Court
D. Montana, Great Falls Division.
Feb. 23, 1954.

H. C. Hall, Edward C. Alexander, Howard C. Burton, John H. Kuenning, Hall, Alexander & Burton, Great Falls, Mont., for plaintiff.

Art Jardine, Sam B. Chase, Jr., John D. Stephenson, Alex Blewett, Jr., John H. Weaver, Jardine, Chase & Stephenson, Great Falls, Mont., for defendants.

PRAY, Chief Judge.

The motion filed by defendants in the above entitled cause called for dismissal of the action for the reason that the complaint failed to state a claim against the defendants, or either or any of them, upon which relief can be granted, and to require plaintiff to make a more definite statement, as set forth in the motion.

■ The court has endeavored carefully to consider the several briefs submitted in support of and in opposition to this motion. As a result of the reading of briefs and examination of authorities, the court does not believe it will be necessary to unduly extend this decision by discussing the numerous questions raised in the briefs, since as it now appears to the court the complaint is sufficient under the rules and form of complaint prescribed where negligence is charged, and the authorities hereinafter referred to seem to sustain the views of the court as above expressed.

Chief Judge Hutcheson of the Fifth Circuit Court of Appeals in Augusta Broadcasting Co. v. United States, 170 F.2d 199, 200, on the sufficiency of allegations of negligence, held as follows: "We agree with the appellant that in dismissing the complaint as failing to state a claim under the Federal Tort Claims Act [28 U.S.C.A. §§ 1346, 2671 et seq.], the district judge construed it too narrowly. Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., plainly provides: (a) 'A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief'; (e) 'Each averment * * * shall be simple, concise, and direct. No technical forms of pleading or motions are required'; and (f) 'All pleadings shall be so construed as to do substantial justice'. It is clear under this rule that to state a cause of action for negligence, detailed pleading is not required. It is sufficient against a motion to dismiss to allege that defendant acted negligently and as a result plaintiff was injured. The complaint, in substantial compliance with the rule, was good against the motion to dismiss."

In Watson v. World of Mirth Shows, D.C., 4 F.R.D. 31, 32, the court held: "Under the Federal Rules of Civil Procedure detailed pleading is seldom required. According to the illustrative form of a Complaint for Negligence, 28 U.S.C.A. following section 723c, Appendix of Forms, Form 9, it is only necessary to allege that defendant acted negligently and as a result the plaintiff was injured."

Circuit Judge Sanborn of the Eighth Circuit, had an applicable and interesting case before him in Leimer v. State Mut. Life Assur. Co., 108 F.2d 302, 305, where there was presented a motion to dismiss for insufficiency of statement, the sole question being whether complaint construed in light most favorable to plaintiff and with all doubts resolved in favor of its sufficiency, stated a claim upon which relief could be granted, and it was held it did, and that all that was necessary was that the complaint should contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief', and 'a demand for judgment for the relief to which he deems himself entitled'. Rule 8(a) (2) and (3), 28 U.S.C.A. following section

723c. The appendix of forms accompanying the rules illustrates how simply and informally a claim may be pleaded and how few factual averments are required for initiating a suit."

In the same case Judge Sanborn had this to say in respect to the practice of the court in regard to dismissals: "Long before the Rules of Civil Procedure for the District Courts of the United States became effective, this Court had frequently disapproved the practice of attempting to put an end to litigation, believed to be without merit, by dismissing a complaint for insufficiency of statement. In Winget v. Rockwood, 8 Cir., 69 F.2d 326, 329, we said: 'A suit should not ordinarily be disposed of on such a motion (a motion to dismiss the bill for want of equity) unless it clearly appears from the allegations of the bill that it must ultimately, upon final hearing, be dismissed. To warrant such dismissal, it should appear from the allegations that a cause of action does not exist, rather than that a cause of action has been defectively stated. * * * That rule of procedure should be followed which will be most likely to result in justice between the parties, and, generally speaking, that result is more likely to be attained by leaving the merits of the cause to be disposed of after answer and the submission of proof, than by attempting to deal with the merits on motion to dismiss the bill.' "

Abundant means are afforded under the rules for speedy disposition of a claim which the defendant believes to be without foundation, and in this instance the rules of discovery would seem to afford appropriate procedure in securing such additional facts as defendants may deem necessary to enable them to formulate a defensive pleading in said cause. Accordingly, in the court's opinion, the pending motion should be overruled with twenty days to answer, or otherwise plead, upon receipt of notice hereof, and such is the order of the court herein.